569 F.2d 1027
 INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., and
Hasyapriya das, on behalf of themselves and all
International Society for Krishna
Consciousness Members, Appellants,
v.
Richard ANDERSEN, Chief of Police of the City of Omaha, and
Herb Fitle, City Attorney, Individually and in
their official capacities, and Omaha
Airport Authority, Appellees.
 No. 77-1574.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 4, 1978.
Decided Jan. 6, 1978.
 
 Barry A. Fisher and Robert C. Moest, Beverly Hills, Cal., and Gordon R. Hauptman, Stern, Harris, Feldman, Becker & Thompson, Omaha, Neb., for appellants.
 Frederick A. Brown, Deputy City Atty., Omaha, Neb., for appellees.
 Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The International Society for Krishna Consciousness, Inc. (ISKCON) appeals from the district court's[1] denial of its motion for attorneys' fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (the Act), 42 U.S.C. § 1988 (Supp.1977). We reverse and remand.
 
 
 2
 ISKCON instituted this suit in October 1976 seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 to stop the Omaha police, the Omaha Airport Authority, and the Omaha City Prosecutor from enforcing a city ordinance. The ordinance prohibited persons who had not received permission from the proper authorities from soliciting at the airport. On April 19, 1977, the district court entered the following order:
 
 
 3
 Plaintiffs brought this action for declaratory and injunctive relief to preclude enforcement of Section 6.6 of the Rules and Regulations of the Omaha Airport Authority. The gravamen of plaintiffs' complaint is that Section 6.6 "is defective because it vests discretion in officials to grant or deny licenses for the exercise of First Amendment rights, without definite, narrow and objective standards to govern such discretion." (Filing No. 10). The matter has been submitted to the Court for determination upon a joint stipulation of facts, following oral argument of the parties. The Court has been advised that the regulation challenged by plaintiffs has now been amended by the Omaha Airport Authority. It appears to the Court that the amended regulation and appendix thereto eliminates the licensing requirement and substitutes therefor registration requirements and imposes limitations on the time, place and manner of proselytizing and solicitation.
 
 
 4
 IT IS FURTHER ORDERED that plaintiffs shall show cause within ten (10) days from date hereto why this matter should not be dismissed as moot, the allegedly (sic) standards of licensing regulations having been substantially amended by the Omaha Airport Authority.
 
 
 5
 While the plaintiffs filed no response, on June 2, 1977, the plaintiffs did file a motion for attorneys' fees. On June 7, 1977, the district court issued the following order:
 
 
 6
 This Court entered an order in this matter on April 19, 1977, requiring plaintiffs to show cause within ten (10) days from the date thereof why the matter should not be dismissed as moot insofar as the defendant Omaha Airport Authority had substantially amended its regulations to provide specific limitations on the time, place and manner of exercising First Amendment rights. The Court notes that to date plaintiffs have made no response to this order except to file on June 2, 1977, an application for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976.IT IS, THEREFORE, ORDERED that this matter ought to be and the same is hereby dismissed as the issues herein have been rendered moot.
 
 
 7
 IT IS FURTHER ORDERED that plaintiffs' application for attorney's fees is hereby denied, and that each party shall bear its own costs.
 
 
 8
 This appeal followed.
 
 
 9
 This court recently considered the Act and its effect in Wharton v. Knefel, 562 F.2d 550 (8th Cir. 1977). In that decision, subsequent to the district court's order in this case, it was made clear that under the Act attorneys' fees were to be awarded to the prevailing party absent unusual circumstances. Id. at 556-57. As it appears that ISKCON is the prevailing party in the instant case, we reverse that portion of the district court's June 7, 1977, order denying the plaintiffs' application for attorneys' fees. The cause is remanded for the district court's determination whether any unusual circumstances exist in the instant case which would render an award of attorneys' fees to the plaintiffs unjust and for determination of the amount of the award if any be made.
 
 
 10
 Reversed and remanded.
 
 
 
 [1]
 The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska