622 F.2d 118
 Jane DOE, on behalf of John Doe, a minor, Plaintiff-Appellee,
v.
Bailey MARSHALL, Director of the University Interscholastic
League, and Member of the Executive Committee,
Individually and in his Official
Capacity, et al., Defendants-Appellants.
 No. 78-3065.
 United States Court of Appeals,
Fifth Circuit.
 July 21, 1980.
 
 Douglas B. Owen, Asst. Atty. Gen., Laura J. Martin, Austin, Tex., for defendants-appellants.
 American Civil Liberties Union, Matthew Horowitz, Houston, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GODBOLD, TJOFLAT and SAM D. JOHNSON, Circuit Judges.
 GODBOLD, Circuit Judge:
 
 
 1
 Appellee brought this action for injunctive relief on behalf of her minor son, John Doe, alleging that appellants had infringed his rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[1] The minor, who has remained anonymous throughout these proceedings, is an emotionally handicapped individual who transferred from one school district to another for medical reasons. Appellant University Interscholastic League (UIL) interpreted its own transfer regulations to preclude John from playing football at his new school. The district court found that all four factors necessary for preliminary relief were present,[2] and granted a temporary injunction allowing John to play football. The UIL appeals.
 
 
 2
 During the pendency of this appeal, John has graduated from high school, having continued to play football throughout his senior year. This suit was not brought as a class action, and appellant sought only injunctive relief and not damages. There is, therefore, no longer a justiciable case or controversy and the case is moot.
 
 
 3
 Appellants contend that this case is "capable of repetition, yet evading review," and thus is within an established exception to the doctrine of mootness. Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161 (1973); Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310, 316 (1911). This argument must fail in light of DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). In this case, as in DeFunis, the student has completed his final term in school, and "will never again be required to run the gauntlet" of the UIL's transfer policies, id. at 319, 94 S.Ct. at 1707, 40 L.Ed.2d at 170. Moreover, as in DeFunis, there is no reason to suppose that future attacks on the UIL's rules will similarly evade review. Id. Finally, the case meets neither of the tests set out in Walsh v. Louisiana High School Athletic Association, 616 F.2d 152, 157 (5th Cir. 1980): the effect of the rule is not too short in duration to be fully litigated prior to its cessation or expiration, and there is no reasonable expectation that the plaintiff will be subjected to the same difficulties again.
 
 
 4
 Appellants also contend that the fact that appellees were required to post a $15.00 injunction bond keeps the controversy alive, citing Camenisch v. University of Texas, 616 F.2d 127 (5th Cir. 1980). Camenisch may be distinguished on two grounds. First, the bond in Camenisch could not be dissolved without an adjudication on the merits; the question presented in that case was which party ought to pay particular costs, and the bond constituted plaintiff's guarantee of payment should the burden ultimately fall on him. In this case, appellants have neither advanced monies nor suffered financial harm, so there will be no ultimate liability on the bond. Second, Camenisch involved a $3,000 bond; the $15 bond posted in this case must be considered de minimus by comparison.
 
 
 5
 Appellants' final argument is that appellee's request, under 42 U.S.C. § 1988, for attorneys' fees salvages an otherwise moot case.[3] This court has frequently refused to consider the merits of an otherwise moot case and has left the question of attorneys' fees for the district court on remand. See, e. g., Johnson v. Mississippi, 586 F.2d 387 (5th Cir. 1978); McDonald v. Oliver, 525 F.2d 1217 (5th Cir.), cert. denied, 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976).[4] Moreover, a determination of mootness does not prevent an award of attorneys' fees on remand. Reiser v. Del Monte Properties Co., 605 F.2d 1135, 1140 (9th Cir. 1979); Criterion Club of Albany v. Board of Commissioners, 594 F.2d 118, 120 (5th Cir. 1979); Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188, 1196 (6th Cir. 1974), cert. denied, 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975).
 
 
 6
 Thus a determination of mootness neither precludes nor is precluded by an award of attorneys' fees. The attorneys' fees question turns instead on a wholly independent consideration: whether plaintiff is a "prevailing party." Johnson v. Mississippi, 606 F.2d 635 (5th Cir. 1979); Iranian Students Association v. Edwards, 604 F.2d 352 (5th Cir. 1979); Morrow v. Dillard, 580 F.2d 1284 (5th Cir. 1978). Even preliminary relief may serve to make a plaintiff a "prevailing party" under the statute; the lawsuit need not proceed to completion. Bly v. McLeod, 605 F.2d 134 (4th Cir. 1979); Iranian Students Association, supra; Criterion Club, supra; International Society for Krishna Consciousness, Inc. v. Andersen, 569 F.2d 1027 (8th Cir. 1978); Brown v. Culpepper, 559 F.2d 274 (5th Cir. 1977). All that is required is that the plaintiff obtain the primary relief sought. Iranian Students Association, supra, 604 F.2d at 353; Adams v. Reed, 567 F.2d 1283, 1288 (5th Cir. 1978). That requirement has been satisfied in this case.
 
 
 7
 We therefore vacate the preliminary injunction as moot, and remand the case to the district court for a determination of appropriate attorneys' fees.
 
 
 8
 VACATED and REMANDED.
 
 
 
 [1]
 Section 504 creates a private right of action in addition to the administrative remedies it provides. Camenisch v. University of Texas, 616 F.2d 127 (5th Cir. 1980). We are thus not faced with a case in which no federal jurisdiction exists because the sole issue presented is interference with the right to play football. See Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir. 1970). Instead, the refusal to allow John to play football infringes on statutorily-created federal rights and thus the claim asserts a federal cause of action. See Walsh v. Louisiana High School Athletic Association, 616 F.2d 152, 156 (5th Cir. 1980)
 
 
 [2]
 Those factors are:
 
 
 [1]
 Irreparable harm to the plaintiff from failure to issue the injunction
 
 
 [2]
 The relative lack of harm to the defendant from issuance of the injunction
 
 
 [3]
 The public interest
 
 
 [4]
 Probability that the plaintiff will ultimately succeed on the merits
 Camenisch v. University of Texas, 616 F.2d 127, 130 (5th Cir. 1980).
 
 
 [3]
 Appellee also urges this contention, apparently fearful that a determination of mootness by this court would preclude any award of attorneys' fees. Our discussion of attorneys' fees rejects both arguments
 
 
 [4]
 In Rainey v. Jackson State College, 481 F.2d 347 (5th Cir. 1973), the court proceeded to the merits of a moot case in order to resolve a claim for attorneys' fees. Rainey is inapposite. In that case, the district court reached a final determination on the merits after a preliminary injunction had mooted the case. The case was thus already moot when it was tried in the district court. The Attorneys' Fees Act, 42 U.S.C. § 1988, had not been enacted when Rainey was decided and the standard for awarding attorneys' fees was whether defendant had been "unreasonable and obdurately obstinate." Id. at 350. This standard required examining the merits. As discussed below, § 1988 requires only that plaintiff be a "prevailing party."