**Jane DOE, on Behalf of John DOE, a minor, Plaintiffs-Appellees,**

v.

**Bailey MARSHALL, Director of the University Interscholastic League, et al., Defendants-Appellants.**

No. 82–2107
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1983.

Laura S. Martin, Austin, Tex., for defendants-appellants.

Matthew Horowitz, West Hartford, Conn., for plaintiffs-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

This is an appeal from an award of attorneys' fees. 42 U.S.C. § 1988. Finding that the issue presently raised was determined adversely to the defendants-appellants on a prior appeal, we affirm on the "law of the case" principle.

On a prior appeal, we found that subsequent events had mooted the preliminary injunctive relief initially afforded the plaintiff, and—over objection of the defendants that the merits should be determined—vacated the preliminary injunction as moot and remanded the case to the district court "for a determination of appropriate attorneys' fees." *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir.1980), *cert. denied, sub. nom, Marshall v. Doe*, 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981). In so remanding, this court specifically found that the plaintiff was a prevailing party by virtue of the preliminary relief obtained. Id., 622 F.2d at 120.

By this second appeal, the defendants question the award of attorneys' fees by the district court on remand. No issue is raised as to the amount; the sole issue asserted is that the district court abused its discretion in making any award at all under the special circumstances presented by this case. The special circumstance relied upon is that, allegedly, neither the trial nor appellate court had ever determined, prior to the remand hearing, that the plaintiff would prevail on the merits of her claim.[1] The defendants argue that this determination is a prerequisite to holding her to be a prevailing party. The defendants especially point out that the courts have never definitively passed upon one disputed essential of the plaintiff's cause of action.[2]

---

1. The basic suit is by the parent of a psychiatrically-handicapped child against the denial of her boy's right to participate in his high school football program. The cause of action is grounded upon Section 504, Rehabilitation Act of 1973, 29 U.S.C. § 794, which forbids denial of participation to handicapped children, by reason of their handicap, in any program receiving federal financial assistance. The defendants are the officers of an inter-high school league (which enforced a rule making the boy ineligible to play football), as well as the local school superintendent. The district court granted a preliminary injunction, specifically rejecting the defendants' contentions (a) that no private cause of action was created by section 794 and (b) that further exhaustion of administrative remedies was required; the court also rejected, but by implication only, a third contention: (c) that the League was not the "recipient" of federal funds, because the dues for its support were paid by member high schools (from funds that included commingled federal funds). (The evidence also shows that the high school football program itself, participation in which was denied the handicapped boy, was in part directly supported by federal funds.) Conceding the undisputed facts as to funding, the defendants urged (a), (b), and (c) on the first appeal. Our decision on first appeal, while determining the (a) issue adversely in order to ascertain federal jurisdiction, 622 F.2d at 118 n. 1, did not determine the other issues, in holding the injunctive relief now moot because the boy had now graduated from high school and had played football (as sought by the suit) throughout his senior year.

2. The defendants point out (*see* (c) note 1 *supra*) that the issue had never been explicitly determined whether enforcement of a rule by a League (only indirectly financed from federal

On the first appeal to this court, in rejecting the defendants' contention as to nonmootness, we specifically rejected the defendants' present contention that no attorney's fees could be awarded in this civil rights case absent a determination of the merits of the plaintiff's underlying cause of action. We held that under the Attorneys' Fees Act, 42 U.S.C. § 1988, it was necessary to determine only whether the plaintiff was a "prevailing party". 622 F.2d at 199–20 n. 4. Finding that the plaintiff was a prevailing party because she obtained the primary relief sought, we remanded to the district court for a determination of the appropriate attorneys' fees. 622 F.2d at 120.[3]

Under the "law of the case" principle, the issue now raised on this second appeal, having been determined adversely to the defendants on the first appeal, may not be re-litigated on this second appeal but instead will be decided in accordance with the ruling enunciated on that prior appeal. As stated by us in *Morrow v. Dillard,* 580 F.2d 1284, 1289–90 (5th Cir.1978):

> The doctrine of "law of the case" is a rule of practice under which a rule of law enunciated by a federal court "not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but [also] establishes the law which other courts owing obedience to it *must,* and which it itself will, normally, apply to the same issues in subsequent proceedings in the same case." 1B Moore's Federal

Practice ¶ 0.404[1] (2d ed. 1974) (footnotes omitted, emphasis in original). The doctrine is "based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. United States Smelting, Refining & Mining Co.,* 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950); *Fontainebleau Hotel Corp. v. Crossman,* 286 F.2d 926, 928 (5th Cir.1961).[4]

The defendants inferentially recognize that they can obtain no relief on the present appeal unless our prior appellate ruling is ignored or set aside.

On this second appeal, they now contend that, upon finding the prior appeal to be moot, the deciding panel in the earlier appeal should have followed the general rule applicable when an appeal is mooted: to vacate the district court judgment and to remand with directions to dismiss the case, so as to prevent preclusive effect of the first appellate opinion. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *see, e.g., University of Texas Systems v. Assaf,* 435 U.S. 992, 98 S.Ct. 1642, 56 L.Ed.2d 81 (1978). The defendants suggest that, due to the prior panel's failure to follow this general rule, the preclusive danger inherent in failing to vacate the judgment has come to pass in this case. Accordingly, they call upon this panel in this second appeal to set aside the decree in the first appeal and to order dismissal of the case on the merits, as

---

funds), by a high school athletic program (which *was* in part federally financed), constituted the League a "recipient" of federal funds under section 794, so as thus to bring it within the statutory rule preventing them from denying participation in an athletic program.

3. The holding is in accord with later decisions of this circuit, such as *Williams v. Leatherbury,* 672 F.2d 549 (5th Cir.1982) and *Deerfield Medical Center v. City of Deerfield Beach,* 661 F.2d 328, 338–39 (5th Cir.1981) (explaining the application of a United States Supreme Court decision that defendants rely upon to contrary effect, as permitting the award of attorneys' fees to a prevailing party who obtains preliminary injunctive relief only).

4. *Morrow v. Dillard* (quoting the 1967 Fifth Circuit decision, *White v. Murtha,* 377 F.2d 428, 431–32) also notes, 580 F.2d at 1290:

> While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a latter appeal in the appellate court, *unless* [1] the evidence on a subsequent trial was substantially different, [2] controlling authority has since made a contrary decision of the law applicable to such issues, or [3] the decision was clearly erroneous and would work manifest injustice.

None of these exceptions are shown to be applicable here.

allegedly should have been ordered on the initial appeal.[5]

In making this contention that the prior appellate decision in this case was in error, the defendants essentially reurge contentions rejected by this court on the earlier appeal. As previously noted, in absence of exceptional circumstances not here shown to be present, the law-of-the-case principle inhibits us from resurrecting and giving favorable consideration to contentions previously rejected by this court on the earlier appeal.

Accordingly, we AFFIRM the judgment below that awarded the plaintiff, as the prevailing party, attorneys' fees under 42 U.S.C. § 1988.

AFFIRMED.

---

5. The defendants call on this panel upon this second appeal, "to review its [this Court's] earlier decision in this case" and to "remand the case back to the district court with an order to dismiss the case" so as to conform with the general mootness rule in *Munsingwear-Assaf.* Appellants' Reply Brief, pp. 7–9.