William **BLOOM**, Thomas J. **Brogan**, Otha D. **Bumgarner**, Charles O. **Cody**, Norman E. **Styres**, and Norman W. **Swart**, Plaintiffs-Appellees,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 468,** Defendant-Appellant.

No. 83–2134.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1984.

Decided Oct. 26, 1984.

---

Kenneth N. Silbert, Beeson, Tayer & Silbert, San Francisco, Cal., for defendant-appellant.

Dan Siegel, Siegel, Friedman & Dickstein, Oakland, Cal., for plaintiffs-appellees.

Before GOODWIN, WALLACE, and BOOCHEVER, Circuit Judges.

WALLACE, Circuit Judge:

In a previous appeal of this case, we affirmed in an unpublished memorandum, 685 F.2d 440 (9th Cir.1982), the holding of the district court that the International Brotherhood of Teamsters Local 468 (the union) had breached its duty of fair representation to certain union members employed by Safeway Stores (the union members). We also affirmed the award of attorneys' fees to the union members, but vacated as speculative a damages award based on the lost opportunity to bargain further with Safeway. On remand, the union members changed their theory of damages to one of emotional distress and obtained another damage award from the district court. The union argues that this award is improper and that, as a result, the union members are no longer prevailing parties entitled to attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291. We reverse as to the damages but affirm as to the fees.

I

In connection with the settlement of a labor dispute involving Safeway, the president of the union and a lawyer for the union promised the disputing members a preferential hiring agreement with another bargaining unit. When the president and the lawyer failed to secure the promised agreement, the union members sued for specific performance of the promise and for "money damages in an amount to be ascertained" based on a breach of the union's duty of fair representation. The union members did not attempt to state a cause of action for infliction of emotional distress.

The district court held the union had, in bad faith, breached its duty of fair representation, and awarded damages in a measure of the difference between the settlement the union members actually obtained from Safeway and the settlement they might have obtained by bargaining further instead of believing the union's false promise of preferential hiring. On appeal, we held that the union had acted recklessly

and the district court had "acted properly in narrowly defining the injury for which the plaintiffs must be compensated." We affirmed as to liability for breach and as to attorneys' fees, but concluded the record did not support the speculative assumption that Safeway would have increased its monetary settlement to the members by $4,000 per person.

On remand, the union members did not attempt to cure the record's deficiencies. Instead, they argued that the breach of the duty of fair representation had caused them emotional distress. One of the union members provided no proof at all of emotional distress. Of the others, one "was disappointed and 'felt screwed,'" one had "high hopes" but was "let down," one felt "he got treated dirty" and that, like another, his layoff had contributed to a breakup with his wife. The district court awarded each union member $2,500 in damages. The union now argues that federal law will not permit such emotional distress damages, that law of the case precludes such an award, and that the union members are no longer prevailing parties entitled to attorneys' fees.

## II

The union members sued for breach of the duty of fair representation under the Labor Management Relations Act, 29 U.S.C. §§ 159(a), 185 (LMRA), *see generally Vaca v. Sipes*, 386 U.S. 171, 187–88, 87 S.Ct. 903, 915–16, 17 L.Ed.2d 842 (1967), not specifically for infliction of emotional distress under either state or, perhaps, federal law, *see Farmer v. United Brotherhood of Carpenters & Joiners of America, Local 25*, 430 U.S. 290, 304–07, 97 S.Ct. 1056, 1065–66, 51 L.Ed.2d 338 (1977) (*Farmer*) (allowing state law actions for intentional infliction of emotional distress in a labor context when the tort involves "outrageous" conduct apart from any union discrimination in employment opportunities); *Richardson v. Communications Workers of America*, 443 F.2d 974, 984–85 (8th Cir.1971) (*Richardson*) (allowing plaintiff to amend his complaint to state a sepa-

rate, apparently federal, cause of action for mental distress arising from intentional union discrimination), *cert. denied*, 414 U.S. 818, 94 S.Ct. 38, 38 L.Ed.2d 50 (1973); *see also Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir.) (*Magnuson*) (separate state cause of action for intentional infliction of emotional distress not allowed when "inextricably intertwined" with labor law and the grievance machinery of the collective bargaining contract), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318, 58 L.Ed.2d 323 (1978). Instead, they argue the remedy for the breach—money damages—may be measured by their emotional distress. Thus, the question is whether, on the facts of this case, federal law allows an award of emotional distress damages for a breach of the statutory duty of fair representation.

At oral argument, counsel for the union admitted that in some cases, the remedy for a breach of the duty of fair representation might appropriately include damages for emotional distress. We need not reach that question. If the assertion is true, however, it seems sensible that, because "there is no magic inherent in the name given to a tort," W. Prosser, *Law of Torts* 52 (4th ed. 1971), such damages should not be available more freely than in a direct action for infliction of emotional distress. In *Farmer*, 430 U.S. at 305, 97 S.Ct. at 1066, the Supreme Court stressed that a direct action for such distress in a labor context must "be either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished." *See also id.* at 305, 307 & n. 15, 97 S.Ct. at 1066, 1066–67 & n. 15 (emphasizing "outrageous" conduct and conduct "that no reasonable man in a civilized society should be expected to endure").

In the case before us, the relation to the equivalent of employment discrimination is clear: liability itself depends on the breach of a labor law duty between a union and its membership. To paraphrase our language in *Magnuson*, *see* 576 F.2d at 1369, the facts are inextricably intertwined with the

union's method of settling the labor dispute with Safeway. *See also Choate v. Louisville & Nashville Railroad,* 715 F.2d 369, 371 (7th Cir.1983). When we look then for a "particularly abusive manner," we find none. We affirmed the district court finding that the union acted in bad faith, but the district court found no more. By contrast, in *Richardson,* 443 F.2d at 983–85, the court allowed a direct action for emotional distress involving intentional discrimination and a lengthy pattern of malicious treatment. Richardson faced 1,000 "[v]ile and derogatory" signs, constant "chanting, jeering, and gesturing," a daily "rain of nuts, bolts, and screws thrown at him," intentional cigarette burns, vandalism of his car and locker, and vulgarities about his wife. *See id.* at 983 n. 12. In this case, however, neither intent nor such outrageous conduct appear in the record. As the court in *De Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO,* 425 F.2d 281, 293 (1st Cir.), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114 (1970), remarked, "while we can conceive of extreme conduct by ... the union that might in some cases warrant ... an award [for 'mental damages'], it seems clear that ours is not that exceptional case." *Cf. Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1351–52 (9th Cir.1984) ("callous and insensitive manner of termination" does not support a tort claim for intentional infliction of emotional distress).

■ If, in a breach of the duty of fair representation case, insufficient outrageous conduct exists also to sustain a direct suit for infliction of emotional distress, we conclude that insufficient facts exist to support an award of damages measured by emotional distress as a remedy for the breach itself. The minimum level of outrageous conduct was not shown in this case. We can therefore reject the union members' damage theory on this ground alone.

Analogies to cases brought under the Labor Management Relations Disclosure Act, 29 U.S.C. § 412 (Landrum-Griffin Act), or the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1109 (ERISA), will not assist the union members either. Both sets of cases emphasize a requirement of emotional distress manifested in other actual injury. *See generally* W. Prosser, *supra,* at 59–60 (interrelation of outrageous conduct and physical injury standards).

The Landrum-Griffin Act provides union members free speech and assembly within a union, and, "[l]ike the judicially created duty of fair representation implied under LMRA, LMRDA was intended to protect union members in their relations with the union." *Aguirre v. Automotive Teamsters,* 633 F.2d 168, 172 (9th Cir.1980). In *International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers v. Rafferty,* 348 F.2d 307, 315 (9th Cir.1965), we first set out the rule that in suits under section 412 of the Landrum-Griffin Act for violations of these rights of speech and assembly, "emotional distress, standing alone, does not constitute a sufficient basis for the awarding of damages." Later cases, however, seized on the phrase "standing alone" to develop exceptions to *Rafferty.* In *Bise v. International Brotherhood of Electrical Workers, AFL–CIO Local 1969,* 618 F.2d 1299, 1305 (9th Cir.1979), *cert. denied,* 449 U.S. 904, 101 S.Ct. 279, 66 L.Ed.2d 136 (1980), we vacated an award of damages to one plaintiff who, although testifying that she had to leave work several times because she was upset by her union's acts, failed to prove any "actual" injury because she did not show lost wages from those departures. On the other hand, as to others "[i]t was for the jury to believe or not believe whether the conduct of the Union caused the respective plaintiffs to suffer lost wages and sleep, headaches and heart palpitations, numbness in the feet and hands, and an increase in weight." *Id. See also Higgins v. Harden,* 644 F.2d 1348, 1353 (9th Cir.1981) ("Since there is no allegation of personal injury other than emotional distress, the district court properly denied relief."); *Ross v. International Brotherhood of Electrical Workers, AFL–CIO,* 544 F.2d 1022, 1025 n. 2 (9th Cir.1976) ("If a plaintiff has alleged mental and physical injury,

*Rafferty* may not apply."). In this case, the union members have shown no such injury in addition to emotional distress. Thus, we need not consider whether in some other case analogy to the Landrum-Griffin Act might support an award of emotional distress damages.

Like the LMRA's duty of fair representation toward union members, ERISA imposes a special fiduciary duty in favor of employees. In *Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 490 (9th Cir.1983), although holding that ERISA provides no cause of action for infliction of emotional distress, we provided that to remedy a breach of fiduciary duty, "damages for mental or emotional distress accompanied by some physical manifestation are recoverable." Once more, the possible analogy cannot help the union members.

Although these analogies do not favor the union members in this case, we find them more persuasive than the union members' analogy to the California "actual fraud" statute, Cal.Civ.Code § 1572 (West 1982). Section 1572 has only a general relation to employment situations and, under *Farmer,* may have little scope for actual application in cases covered by federal labor law. *See* 430 U.S. at 305, 97 S.Ct. at 1066 (speaking of state torts generally).

We need not decide whether the union members' arguments would fail on grounds of proximate cause had they alleged emotional distress only from their temporary unemployments, because they alleged distress from the manner their union treated them instead. *Cf. Soto Segarra v. Sea-Land Service, Inc.,* 581 F.2d 291, 298 (1st Cir.1978). We also need not decide whether an award of emotional distress damages in this breach of fair representation case requires both outrageous conduct and a manifestation of the alleged emotional distress in some tangible injury. This case contains neither condition.[1] We reverse the district court's award of damages for emotional distress. To the extent *Farmer v. ARA Services, Inc.,* 660 F.2d 1096, 1107 (6th Cir.1981), is inconsistent with our holding, we decline to follow it. We observe that the Sixth Circuit relied directly on *Jones v. Trans World Airlines, Inc.,* 495 F.2d 790, 798 (2d Cir.1974), and *Richardson* for its overbroad proposition that "[d]amages for emotional distress may be awarded for [a] union's breach of its duty of fair representation." 660 F.2d at 1107. The *Jones* opinion contains no mention of emotional distress, *see* 495 F.2d at 799 (contract damages only), and the *Richardson* opinion, as we observed above, encourages pleading a separate cause of action, *see* 443 F.2d at 982–85.

### III

Although our narrow holding above leaves the union members without an

---

1. In his concurrence, Judge Boochever insists we need not reach the issue whether physical injury is a requirement for an award of damages based on emotional distress. But his assertion that an absence of outrageousness is sufficient to decide this case is erroneous. It rests on the mistaken premise that our decision states the following: We need not decide whether the remedy for a breach of the duty of fair representation under the LMRA might include damages for emotional distress because, even if it did, the plaintiffs would have to show both that the union's conduct was outrageous and that they suffered actual injury. His criticism would make sense if this were our holding, for then an absence of outrageousness would end the case.

   But our holding is better summarized as follows: We need not decide whether the remedy for a breach of the duty of fair representation under the LMRA might include damages for emotional distress because only two possible analogies lend support to such a conclusion and plaintiffs do not satisfy the requirements of either. Such a holding is narrower than the holding Judge Boochever implicitly accords to us in that it leaves to future courts the question whether the damages remedy for emotional distress under the LMRA would, if allowed, require plaintiffs to prove both outrageousness and actual injury. Our opinion goes only so far as to hold that, if allowed, the emotional distress remedy would, at the very least, require plaintiffs to demonstrate either outrageousness *or* actual injury. Thus, our opinion must show the absence of outrageousness *and* the absence of actual injury to avoid reaching the issue whether the LMRA includes among its remedies the remedy of damages for emotional distress. Therefore, the majority opinion is the narrowest possible holding while disposing of the issues.

award of damages, we will not reverse the award of attorneys' fees previously made. The award of fees made on the basis of prevailing party status is the law of the case not subject to alteration "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice," *Planned Parenthood v. Arizona,* 718 F.2d 938, 949 (9th Cir. 1983), *quoting White v. Murtha,* 377 F.2d 428, 432 (5th Cir.1967).

■ In retrying the damages issue the union members presented a small amount of new evidence, but none "substantially different" and none that of itself would directly affect the question of prevailing parties. Similarly, no new controlling authority has supervened. *Cf. Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392–93 (9th Cir.1981) (distinguishing intervening authority); *accord Kimball v. Callahan,* 590 F.2d 768, 772–75 (9th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979). Finally, even supposing our previous decision erroneous, "[t]o warrant divergence from the law of the case, a court must not only be convinced that its decision was erroneous; it must also be satisfied that adherence to the law of the case will work a grave injustice." *Laffey v. Northwest Airlines, Inc.,* 642 F.2d 578, 585 (D.C.Cir.1980). We first affirmed the fee award despite the "highly questionable" basis for any damages, which were yet to be proved. Because the union members have, without change, prevailed on the issue of fault, it would not be gravely unjust to maintain the fee award. *See generally Doe ex rel. Doe v. Marshall,* 694 F.2d 1038, 1040–41 & n. 4 (5th Cir.), *cert. denied,* 462 U.S. 1119, 103 S.Ct. 3087, 77 L.Ed.2d 1349 (1983). Therefore, we affirm again the award of attorneys' fees made by the district court at the original trial.

AFFIRMED IN PART; REVERSED IN PART.

BOOCHEVER, Circuit Judge, concurring:

Because I believe our holding regarding outrageous conduct is dispositive of the case, I would not reach the issue of the actual damages requirement. We are not required to rule on whether physical injury in addition to emotional distress is a requirement for relief. Before analogizing to Landrum-Griffin Act and Employee Retirement Income Security Act cases I would await a case in which the issue is dispositive. This is particularly so where, as here, the parties have not raised such arguments.