Leo Douglas MIMS, Plaintiff-Appellant,

v.

TEAMSTERS LOCAL NO. 728,
Defendant-Appellee.

No. 86–8653
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 21, 1987.

Arthur L. Fox, II, Washington, D.C., for plaintiff-appellant.

Fredrick C. McLam, HighHouse Law Offices, Decatur, Ga., for defendant-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

TJOFLAT, Circuit Judge:

The sole issue in this appeal is whether the district court erred as a matter of law when it refused to award an attorney's fee to a union member who successfully obtained an injunction compelling his union to comply with his reasonable request for a campaign mailing to the union membership. Because the district court misapplied the "common benefit" exception of the "American rule" disfavoring the allowance of attorneys' fees in the absence of statutory or contractual authorization, we reverse.

I.

The appellant, Leo Douglas Mims, is a member of Local Union No. 728 of the International Brotherhood of Teamsters (IBT).[1] In February 1986, he became a candidate for Local 728 delegate to the May 1986 IBT convention. Pursuant to section 401 of Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 481(c) (1982),[2] appel-

---

1. Local 728 has approximately 7,000 members, living throughout the State of Georgia.

2. 29 U.S.C. § 481(c) states the following:
   (c) Requests for distribution of campaign literature; civil action for enforcement; jurisdiction; inspection of membership lists; adequate safeguards to insure fair election

Every national or international labor organization, except a federation of national or international labor organizations, and every local labor organization, and its officers, shall be under a duty, enforceable at the suit of any bona fide candidate for office in such labor organization in the district court of the United States in which such labor organization main-

lant sought to have Local 728 mail his campaign literature to its membership. Local 728 imposed certain financial conditions and told appellant that the mailing could not be completed as promptly as he desired.[3]

Nine days before the delegate election, appellant brought this suit and moved the district court, pursuant to Fed.R.Civ.P. 65, for an injunction compelling Local 728 to comply with his reasonable request to distribute his campaign literature to the union membership before the election.[4] After a hearing on appellant's request for preliminary injunctive relief, the district court ordered Local 728 to provide appellant a set of mailing labels and ordered appellant to pay Local 728 $211, the approximate cost of generating the mailing labels.[5] Local 728 promptly complied with the district court's order.

Two weeks after the delegate election, appellant moved the district court, pursuant to Fed.R.Civ.P. 41(a)(2), to dismiss his action because "[Local 728] complied with the Court's order and fulfilled its legal responsibility under 29 U.S.C. § 481(c), thereby causing the action to become moot." Appellant also moved for an attorney's fee award, which he had requested in his complaint for injunctive relief. The district court granted appellant's motion to dismiss the case but denied his motion for an attorney's fee.

---

3. The Secretary-Treasurer of Local 728 was Lamar Mathis, one of appellant's opponents in the delegate election. As our opinion makes clear, appellant is entitled to an attorney's fee not because Local 728 may have acted in bad faith, but solely because appellant's vindication of his right to make a reasonable campaign mailing to the union electorate benefited the entire union membership. *See Hall v. Cole*, 412 U.S. 1, 5–6, 93 S.Ct. 1943, 1946–47, 36 L.Ed.2d 702 (1973).

4. Appellant brought his action pursuant to section 401 of Title IV of LMRDA, 29 U.S.C.

tains its principal office, to comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy to all members in good standing of such labor organization and to refrain from discrimination in favor of or against any candidate with respect to the use of lists of members, and whenever such labor organizations or its officers authorize the distribution by mail or otherwise to members of campaign literature on behalf of any candidate or of the labor organization itself with reference to such election, similar distribution at the request of any other bona fide candidate shall be made by such labor organization and its officers, with equal treatment as to the expense of such distribution. Every bona fide candidate shall have the right, once within 30 days prior to an election of a labor organization in which he is a candidate, to inspect a list containing the names and last known addresses of all members of the labor organization who are subject to a collective bargaining agreement requiring membership therein as a condition of employment, which list shall be maintained and kept at the principal office of such labor organization by a designated official thereof. Adequate safeguards to insure a fair election shall be provided, including the right of any candidate to have an observer at the polls and at the counting of the ballots.

§ 481(c) (1982), *see supra* note 2, and section 102 of Title I of LMRDA, 29 U.S.C. § 412 (1982), which provides the following:

**§ 412. Civil action for infringement of rights; jurisdiction**
Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter ["Bill of Rights of Members of Labor Organizations"] may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

As the district court correctly noted in its order denying attorney's fees, appellant did not allege or present any evidence showing that Local 728 had interfered with any right guaranteed him by LMRDA's bill of rights, *see* 29 U.S.C. §§ 411–415 (1982). We therefore treat appellant's complaint for injunctive relief as arising solely under section 401 of LMRDA's Title IV, 29 U.S.C. § 481 (1982), which governs "[t]erms of office and election procedures," and provides that any bona fide candidate for union office may enforce those procedures by bringing a civil action in district court.

5. In its order granting injunctive relief, the district court concluded the following:
Having heard argument from both parties, the Court is satisfied that plaintiff has shown a reasonable likelihood of prevailing on the merits of his claim, that he and the Local 728 membership would suffer irreparable harm if injunctive relief were withheld, that any potential harm to defendant is speculative and unlikely, and that the public interest would be served by issuance of an injunction.

## II.

The American rule of fee shifting is that "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975) (citations omitted). A well-established exception to that rule is the "common benefit" exception:

> [This] exception involves cases in which the plaintiff's successful litigation confers "a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." "Fee shifting" is justified in these cases, not because of any "bad faith" of the defendant but, rather, because "[t]o allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich others unjustly at the plaintiff's expense."

*Hall v. Cole*, 412 U.S. 1, 5–6, 93 S.Ct. 1943, 1946–47, 36 L.Ed.2d 702 (1973) (citations omitted).

Invoking the "common benefit" exception, the Supreme Court has held that district courts may award attorneys' fees to individual union members who bring suit to enforce the "Bill of Rights" guarantees of Title I of LMRDA, *see* 29 U.S.C. §§ 411–415 (1982). *See Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). The Court reasoned that

> by vindicating his own right of free speech guaranteed by § 101(a)(2) of Title I of the LMRDA, [the union member] necessarily rendered a substantial service to his union as an institution and to all of its members. When a union member is disciplined for the exercise of any of the rights protected by Title I, the rights of all members of the union are threatened. And, by vindicating his own right, the successful litigant dispels the "chill" cast upon the rights of others. Indeed, to the extent that such lawsuits contribute to the preservation of union democracy, they frequently prove beneficial "not only in the immediate impact of the results achieved but in their implications for the future conduct of the union's affairs."

*Id.* at 8, 93 S.Ct. at 1948 (citation omitted). Even though Congress did not explicitly authorize the award of attorneys' fees in Title I "Bill of Rights" litigation, the Supreme Court nevertheless found that Congress could not have intended to create those rights without at the same time giving aggrieved union members the resources to finance litigation. *Id.* at 13–14, 93 S.Ct. at 1950.[6]

■ Three of our sister circuits have adopted the logic of *Hall* to extend the common benefit exception to LMRDA Title IV cases in which union members sought attorneys' fees for their role as intervenors in suits brought by the Secretary of Labor challenging union elections under section 402(a)(1) of Title IV of LMRDA, 29 U.S.C. § 482(a)(1) (1982). *See Donovan v. CSEA Local Union 1000, Am. Fed'n of State, County & Mun. Employees*, 784 F.2d 98 (2d Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 74, 93 L.Ed.2d 30 (1986); *Brennan v. United Steelworkers*, 554 F.2d 586 (3d Cir. 1977), *cert. denied*, 435 U.S. 977, 98 S.Ct. 1627, 56 L.Ed.2d 71 (1978); *Usery v. Local Union No. 639 Int'l Bhd. of Teamsters*, 543 F.2d 369 (D.C.Cir.1976), *cert. denied*,

---

**6.** In its order denying attorney's fees, the district court questioned the continued efficacy of the *Hall* Court's common benefit analysis in light of the Court's subsequent decision in *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which denied attorney fees, under the "private attorney general" approach, to environmental groups that sued to bar construction of the trans-Alaska oil pipeline. We respectfully disagree with the district court because the "common benefit" exception was not at issue in *Alyeska. See id.* at 257–59, 95 S.Ct. at 1621–22. Thus, the *Hall* analysis remains undisturbed after *Alyeska. See Erkins v. Bryan*, 785 F.2d 1538, 1547 (11th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 455, 93 L.Ed.2d 402 (1986); *see also Usery v. Local Union No. 639 Int'l Bhd. of Teamsters*, 543 F.2d 369, 382 (D.C.Cir.1976), *cert. denied*, 429 U.S. 1123, 97 S.Ct. 1159, 51 L.Ed.2d 573 (1977), *quoted with approval in Brennan v. United Steelworkers*, 554 F.2d 586, 600 (3d Cir.1977), *cert. denied*, 435 U.S. 977, 98 S.Ct. 1627, 56 L.Ed.2d 71 (1978).

429 U.S. 1123, 97 S.Ct. 1159, 51 L.Ed.2d 573 (1977). Title IV of LMRDA gives the Secretary of Labor exclusive authority to bring post-election challenge suits. Aggrieved union members can participate in post-election challenge suits only as intervenors in support of the Secretary's position. *See Trbovich v. United Mine Workers,* 404 U.S. 528, 530–37, 92 S.Ct. 630, 632–36, 30 L.Ed.2d 686 (1972). Despite the limited role aggrieved union members can play, these circuits have found that awards of intervenor attorneys' fees are justifiable because "the intervenor usually confers a substantial benefit on the union membership by identifying, investigating and presenting for the Secretary's ultimate prosecution, evidence of union violations of Title IV." *Donovan,* 784 F.2d at 103. For that reason, "the availability of attorney's fees is fundamental to the protection of union members' rights under Title IV." *Id.*

In our view, an even stronger argument can be made for the award of an attorney fee in the case before us than in the Title IV intervenor cases we have cited. Section 401 of LMRDA's Title IV, 29 U.S.C. § 481(c) (1982), under which appellant brought suit against Local 728, is the only privately enforceable provision in Title IV. An aggrieved candidate for union office cannot rely on the Secretary of Labor to bring suit to compel his union to comply with his reasonable request for a campaign mailing; the candidate must bring suit himself. Obviously, by seeking enforcement of his right to make a campaign mailing to the union membership, the candidate furthers his own election prospects; in other words, he benefits himself. In so doing, however, the aggrieved candidate confers a benefit upon the entire union membership. *See Yablonski v. United Mine Workers,* 466 F.2d 424, 430–31 (D.C.Cir.1972) (relevant question is not whether union candidate pursues his own interest but "whether ... the trouble he takes results in the actual conferring of benefits on others than himself"), *cert. denied,* 412 U.S. 918, 93 S.Ct. 2729, 27 L.Ed.2d 144 (1973), *cited with approval in Hall v. Cole,* 412 U.S. 1, 8–9, 93 S.Ct. 1943, 1948, 36 L.Ed.2d 702 (1973).

Appellant wished to send a mailing to the local membership informing them of his position on a variety of issues that would be addressed at the upcoming IBT convention. Because delegates at the convention would, among other things, adopt resolutions and elect IBT officers, a candidate benefits the entire union membership when he seeks to make them better informed voters. We conclude that when appellant sought legal assistance to vindicate his right to make a reasonable campaign mailing to the union electorate, he "necessarily rendered a substantial service to his union as an institution and to all of its members." *Hall,* 412 at 8, 93 S.Ct. at 1948. Accordingly, we reverse the district court's order denying appellant attorney's fees and remand the case for an assessment of the appropriate fee for counsel's work in securing the injunction compelling Local 728 to comply with 29 U.S.C. § 481(c) (1982), and in prosecuting appellant's application for an attorney's fee in the district court and in this court.

REVERSED and REMANDED.