867 F.2d 256
 130 L.R.R.M. (BNA) 2919, 110 Lab.Cas. P 10,942
 Jerry BLISS, Frank Savage, Richard Matuszewski, and Joseph
Provo, Plaintiffs-Appellees,
v.
Robert F. HOLMES, Sr., President, Local 337; Lawrence
Brennan, Vice President, Local 337; Richard
Leebove, Pub. Local 337; and Local 337,
Defendants-Appellants.
 No. 87-1850.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 9, 1988.
Decided Dec. 13, 1988.
 
 Gerry Miller, Kurt C. Kobelt, Previant, Goldberg, Uelmen, Grantz, Miller & Brueggeman, S.C., Milwaukee, Wis., Jerome S. Coleman, Farmington Hills, Mich., for defendants-appellants.
 Barbara Harvey, Detroit, Mich., for plaintiffs-appellees.
 Before: ENGEL, Chief Judge, and WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Holmes, Brennan, Leebove, and Teamsters Local 337 of Detroit appeal a July 30, 1987 order of the United States District Court for the Eastern District of Michigan awarding attorney fees to plaintiffs-appellees Bliss, Savage, Matuszewski and Provo. The $11,500 award was for work undertaken prior to the 1983 union election to enforce sections 401(c) and 401(g) of Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA or the Act), 29 U.S.C. Secs. 481(c), 481(g) (1982), against the defendants. Section 401(c) enables a bona fide candidate for union office to compel the union to comply with the candidate's reasonable requests to distribute campaign literature and requires the union to pay distribution expenses for such a candidate if it has authorized distribution of literature for another candidate; section 401(g) prohibits improper use of union funds to promote any particular candidate.
 
 
 2
 The plaintiffs Bliss, Savage, Matuszewski, and Provo were, respectively, two candidates for office in the 1983 local union election, and two of their supporters. Defendants Holmes and Brennan, respectively, were the president and vice president of the local union; Leebove was the publisher of TEAM 337, the local union newspaper. On July 7, 1983, Bliss filed suit under Titles IV and V of the LMRDA, alleging that the defendants had unlawfully used TEAM 337 to promote their candidacies and had misused the membership's mailing list during the course of the 1983 election in an effort to remain in office. Plaintiffs sought an injunction under Title IV, sections 401(c) and 401(g) of the Act, against the further use of the newspaper and union mailing lists for alleged political purposes. Plaintiffs also sought return of union funds allegedly used by the defendants "for personal political goals," under Title V, section 501 of the Act.
 
 
 3
 On July 25, 1983, the United States District Court for the Eastern District of Michigan denied Bliss' application for a temporary restraining order. On September 19, 1983, the court likewise denied Bliss' motion for preliminary injunction, and granted the defendants' motion for summary judgment on the Title IV claim and their motion to dismiss the Title V claim. Plaintiffs appealed to this court, seeking emergency injunctive relief pending appeal. This court held that the president and vice president had used TEAM 337 to advance their candidacies at the expense of other candidates, concluding that this excessive publicity, not balanced by any publicity for other candidates, including Bliss or Savage, constituted the distribution of campaign literature for the defendants Holmes and Brennan at the expense of the defendant union. Bliss v. Holmes, 721 F.2d 156, 158-59 (6th Cir.1983). The panel thus ordered the defendant union to pay "for the mailing of a piece of [plaintiff's] campaign literature" and "to refrain from discrimination in any further [union] newsletter distributed before the November 1983 election." Id. at 159.
 
 
 4
 After the 1983 elections, plaintiffs further sought a declaration from this court that this court had properly addressed the case when it was before the court on request for emergency injunctive relief pending appeal, and they asked for a permanent injunction prohibiting the defendants from engaging in future discriminatory election activities. The election having been held and future harm being speculative, this court dismissed the claims as moot and unripe for adjudication, respectively. Bliss v. Holmes, 810 F.2d 199 (6th Cir.1986).
 
 
 5
 Plaintiffs then petitioned for, and received, attorneys' fees for the work undertaken to secure the injunction. However, defendants contend that the enforcement of Bliss' and Savage's right to distribute campaign literature under 29 U.S.C. Secs. 481(c) and (g) could not serve as the basis for an award of attorneys' fees because the enforcement of that right did not confer a "common benefit" upon the union's membership. Defendants further contend that Bliss and Savage are not entitled to fees as "prevailing parties" because the relief secured was only an emergency injunction pending appeal, subsequently mooted, and this court never decided the appeal on its merits; moreover, the Secretary of Labor later dismissed a post-election claim based upon the same issues presented before this court when the injunction was granted.
 
 
 6
 Upon consideration, it seems apparent, especially in the light of our court's decision in Murphy v. International Union of Operating Engineers, Local 18, 774 F.2d 114 (6th Cir.1985), that plaintiffs' attorneys' fees for work undertaken in obtaining and enforcing the preliminary injunction, and successfully achieving union compliance with the requirements of LMRDA did create a "common benefit" for all of the union members: it ensured free and democratic elections of candidates for union office. Thus, plaintiffs' attorneys were entitled to the fees awarded by the district judge, the amount of which is not here challenged. See Mims v. Teamsters Local No. 728, 821 F.2d 1568 (11th Cir.1987) (vindication of rights under 29 U.S.C. Sec. 481(c) confers common benefit upon union for which award of attorney fees is appropriate).
 
 
 7
 That compliance with the LMRDA prior to the election may have mooted the case after the election does not render the plaintiffs any less a prevailing party. See Coalition for Basic Human Needs v. King, 691 F.2d 597 (1st Cir.1982); Grano v. Barry, 733 F.2d 164, 168 n. 2 (D.C.Cir.1984); Doe v. Marshall, 622 F.2d 118, 120 (5th Cir.1980); Bishop v. Committee on Professional Ethics, 686 F.2d 1278, 1291 (8th Cir.1982); Williams v. Alioto, 625 F.2d 845 (9th Cir.1980) (per curiam); Taylor v. City of Fort Lauderdale, 810 F.2d 1551 (11th Cir.1987). Moreover, any post-election action by the Secretary of Labor does not affect plaintiffs' status as "prevailing parties" who received a pre-election injunction granted by a panel of this court only after analysis of the merits of the controversy. See Webster v. Sowders, 846 F.2d 1032, 1036 (6th Cir.1988) (grant of injunctive relief entitles party status as "prevailing party" if relief goes to merits of claim). Accordingly the judgment of the district court is AFFIRMED.
 
 
 8
 In their reply brief, plaintiffs-appellees have sought attorneys' fees for time reasonably spent in successfully defending this appeal. Because appellees are prevailing parties in this appeal, accordingly the matter is REMANDED to the district court for determination of proper attorneys' fees upon petition by the plaintiffs.