EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Naydamar Pérez de Otero por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ésta y su cónyuge José A. Otero<br><br>    Recurridos<br><br>                    v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Salud; Hon. Secretario de Salud Dr. Lorenzo González Feliciano, en su carácter personal y oficial como Secretario del Departamento de Salud<br><br>    Peticionarios | Certiorari<br><br>2015 TSPR 15<br><br>192 DPR ____ |

Número del Caso: CC-2013-765

Fecha: 13 de febrero de 2015

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Janelle M. Laforet Matos
        Procuradora General Auxiliar

Abogado de la Parte Recurrida:

        Lcdo. Eduardo Vera Ramírez

Materia: Ley Federal de Derechos Civiles – Concesión de honorarios al amparo de reclamación bajo la Secc. 1983 sobre otros fundamentos; definición de "parte prevaleciente" para efectos de la Secc. 1988 de la Ley federal de Derechos Civiles.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Naydamar Pérez de Otero por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ésta y su cónyuge José A. Otero<br><br>    Recurridos<br><br>              v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Salud; Hon. Secretario de Salud Dr. Lorenzo González Feliciano, en su carácter personal y oficial como Secretario del Departamento de Salud<br><br>    Peticionarios | *Certiorari*<br><br><br><br><br>CC-2013-765 |

Opinión del Tribunal emitida por la Jueza Asociada ORONOZ RODRÍGUEZ

En San Juan, Puerto Rico, a 13 de febrero de 2015.

Tras ser cesanteada de su empleo, la Dra. Naydamar Pérez de Otero (doctora Pérez de Otero o parte demandante) presentó una demanda en la que invocó, entre otros fundamentos, la Ley federal de Derechos Civiles, 42 USC sec. 1983. Obtuvo como remedio un *injunction* preliminar y permanente mediante el cual se ordenó que se restituyera al puesto que ocupaba y se le pagaran los haberes dejados de percibir. En apelación, su reclamación de daños y perjuicios se desestimó. Nos corresponde decidir si procede concederle honorarios de abogado al

amparo de la Sec. 1988 de la Ley federal de Derechos Civiles, 42 USC sec. 1988. Por las razones expuestas a continuación, resolvemos que sí.

I

El 9 de julio de 2010, la doctora Pérez de Otero presentó una demanda sobre daños y perjuicios contra el Estado Libre Asociado de Puerto Rico, el Departamento de Salud y el otrora Secretario de Salud, Dr. Lorenzo González Feliciano, en su carácter oficial y personal. Alegó que trabajaba como Directora de Servicios Médicos II en el Departamento de Salud y que el 22 de abril de 2010 se le notificó que sería cesanteada al amparo de la Ley Núm. 7-2009, conocida como la Ley Especial Declarando Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico (Ley Núm. 7-2009). Adujo que no podía ser cesanteada pues el Art. 37.02 de la Ley Núm. 7-2009, supra, la excluía del plan de cesantías.

En la demanda, la doctora Pérez de Otero solicitó que se expidiera un *injunction* preliminar y permanente que ordenara su reposición y el pago de los haberes dejados de percibir. También solicitó un millón de dólares ($1,000,000) como indemnización por sufrimientos y angustias mentales, una cuantía de daños punitivos no menor de quinientos mil dólares ($500,000), más honorarios de abogado al amparo de la Sec. 1988 de la Ley federal de Derechos Civiles, supra. Fundamentó sus

reclamos en el Art. 37.02 de la Ley Núm. 7-2009, supra, la Sec. 1983 de la Ley federal de Derechos Civiles, supra, y el Art. 1802 del Código Civil, 31 LPRA sec. 5141.

Los demandados solicitaron al Tribunal de Primera Instancia que desestimara el caso de epígrafe y la parte demandante se opuso a la desestimación. El 10 de febrero de 2011, las partes argumentaron sus respectivas posiciones en una vista argumentativa.

Al mes siguiente, el foro primario emitió una sentencia sumaria parcial en la que resolvió que la doctora Pérez de Otero no podía ser cesanteada porque el puesto que ocupaba estaba excluido de la aplicación de la Ley Núm. 7-2009, supra. Concluyó que

> existe aquí una violación a los derechos civiles de la demandante, compensable bajo 42 USCA sec. 1983. Los demandados, actuando so color de autoridad, se apartaron del mandato directo de la Ley 7 y sus exclusiones afectando los derechos constitucionales de la parte demandante según dimanan de las constituciones de Estados Unidos y Puerto Rico, en particular las garantías constitucionales de debido procedimiento de ley en su vertiente sustantiva e igual protección de las leyes.[1]

Consecuentemente, el foro primario emitió una orden de *injunction* preliminar y permanente mediante la cual ordenó la reposición de la doctora Pérez de Otero al puesto que ocupaba y el pago de los haberes dejados de percibir. Por otra parte, indicó que restaba dilucidar

---

[1] Apéndice, págs. 45-47.

los daños a los cuales tenía derecho la doctora Pérez de Otero como resarcimiento por las acciones de la parte demandada al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles, <u>supra</u>, y el Art. 1802 del Código Civil, <u>supra</u>.

Inconforme, la parte demandada acudió ante el Tribunal de Apelaciones.[2] Ese foro emitió una sentencia en la cual reconoció la concesión del *injunction* preliminar y permanente a favor de la doctora Pérez de Otero, al igual que el pago de los haberes dejados de percibir. No obstante, desestimó los reclamos sobre daños al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles, <u>supra</u>, y el Art. 1802 del Código Civil, <u>supra</u>.[3] Razonó que "bajo 42 U.S.C. 1983 no procedía el reclamo de daños contra el E.L.A. y el Secretario de Salud en su capacidad oficial. Alternativamente, bajo 42 USC 1983 solo es necesario considerar una acción en daños y perjuicios contra el Secretario de Salud <u>en su capacidad personal</u>".[4] Asimismo, destacó que el Art. 70 de la Ley Núm. 7-2009, <u>supra</u>, excluyó las acciones sobre daños y perjuicios al amparo del Art. 1802 del Código Civil, <u>supra</u>, contra el Estado y los funcionarios en el ejercicio de las

---

[2] Según la doctora Pérez de Otero, la parte demandada argumentó en su escrito de apelación que "[l]a contención del Estado en el presente caso se circunscribe únicamente a la errónea adjudicación del TPI en cuanto a la causa de acción de daños presentada por la parte apelada". Alegato en Oposición a Recurso de *Certiorari*, pág. 2. Sin embargo, la parte demandada no incluyó copia de ese escrito en el Apéndice del recurso ante nuestra consideración.
[3] Apéndice, pág. 78.
[4] Apéndice, págs. 63-64. (Énfasis en el original).

funciones ordenadas por la Ley Núm. 7-2009, supra. En cuanto a la responsabilidad personal del ex Secretario de Salud, determinó que las actuaciones de éste estaban protegidas por la inmunidad cualificada.

Insatisfecha, la doctora Pérez de Otero presentó un recurso de certiorari ante este Tribunal el cual fue declarado sin lugar. La doctora Pérez de Otero presentó una moción de reconsideración que también fue denegada. Por ende, la sentencia del Tribunal de Apelaciones advino final y firme.

Así las cosas, la doctora Pérez de Otero presentó ante el Tribunal de Primera Instancia una Moción en Cumplimiento de Orden y en que se Informa sobre Único Asunto Pendiente junto con una Solicitud de Honorarios de Abogado bajo 42 U.S.C.A. sec. 1988. Sostuvo que, como obtuvo el injunction solicitado, prevaleció en su causa de acción al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles, supra, y cualificaba para los honorarios de abogado que establece la Sec. 1988 de esa ley, supra. Solicitó $50,400 por dicho concepto.

Por su parte, la parte demandada presentó una Moción Solicitando se Decrete la Desestimación del Caso de Conformidad con la Sentencia del Tribunal de Apelaciones. Alegó que no procedía conceder los honorarios de abogado solicitados porque la doctora Pérez de Otero no prevaleció en su causa de acción al amparo de la Sec. 1983, supra. Señaló que el Tribunal de Apelaciones

desestimó esa causa de acción y que su dictamen advino final y firme.

El 23 de enero de 2013, el Tribunal de Primera Instancia notificó una sentencia en la que declaró con lugar la moción de desestimación y resolvió que era improcedente otorgar honorarios por temeridad. En desacuerdo, la señora Pérez de Otero solicitó la reconsideración de ese dictamen. Aclaró que no solicitó honorarios por temeridad, sino los honorarios de abogado que permite la Sec. 1988, supra, para la parte que prevalece en una causa de acción al amparo de la Sec. 1983, supra. Sostuvo que, aunque el Tribunal de Apelaciones desestimó sus causas de acción sobre daños y perjuicios, debía entenderse que prevaleció en su *injunction* al ser reinstalada en su puesto y haberse ordenado el pago de los haberes dejados de percibir.

El 26 de febrero de 2013, el Tribunal de Primera Instancia notificó una *Sentencia en Reconsideración* en la que concluyó que

> [d]e un examen de la moción de reconsideración y en virtud de la jurisprudencia federal existente, en relación a [sic] los honorarios de abogado para partes prevalecientes en litigios de derechos civiles al amparo de la legislación federal; entendemos que procede que reconsideremos nuestra sentencia emitida, solamente a los efectos de conceder las partidas de honorarios de abogado correspondientes a los procedimientos que se llevaron a cabo en el Tribunal de Primera Instancia. Fue solo en esta etapa de los procesos que la demandante prevaleció frente al Estado en su petición de que se le restituyera al puesto que ocupaba con todos los haberes y

> beneficios dejados de percibir. En otras palabras, al prevalecer en su reclamación de *injunction* preliminar y permanente, y por ende en su reinstalación a su puesto de Director de Servicios Médicos II, con los haberes y deberes que le pertenecían al puesto y los dejados de percibir desde entonces, el Estado está obligado a responder por estos honorarios; no así por aquellos incurridos en los procedimientos que se instaron en el Tribunal de Apelaciones, cuyo efecto final fue la desestimación de todas las causas de acción restantes.[5]

De esta forma, condenó a los demandados al pago de $33,750 por concepto de honorarios de abogado al amparo de la Sec. 1988, supra.

Inconforme, la parte demandada acudió ante el Tribunal de Apelaciones. Sostuvo que el foro de primera instancia concedió el *injunction* solicitado luego de interpretar las disposiciones de la Ley Núm. 7-2009, supra, y concluir que el puesto que ocupaba la doctora Pérez de Otero estaba excluido del plan de cesantías. Arguyó que el *injunction* no fue concedido al amparo de la Ley federal de Derechos Civiles, supra, y que las causas de acción bajo dicho estatuto fueron desestimadas en su totalidad por el foro intermedio luego de reconocerle inmunidad a los demandados. Razonó que la demandante no era merecedora de los honorarios concedidos porque no prevaleció en las referidas causas de acción.

El Tribunal de Apelaciones denegó expedir. Sostuvo que "la citada Sec. 1983 permite la emisión de un *injunction* en contra del Estado. En consecuencia, la

---

[5] Apéndice, pág. 126.

interpretación que hizo el tribunal de instancia sobre los honorarios de abogados bajo la Sec. 1988 no es arbitraria, prejuiciada o caprichosa".[6]

Todavía insatisfecha, la parte demandada acudió ante nosotros. Este Tribunal expidió el recurso. La parte demandada presentó su alegato reiterando sus planteamientos. Por su parte, la doctora Pérez de Otero presentó un *Alegato en Oposición a Recurso de Certiorari*. Distinguió que el foro apelativo intermedio se circunscribió a revocar lo concerniente a la causa de acción de daños presentada por la demandante, "permaneciendo como dictamen que es ahora final y firme la parte de la sentencia original dictada por el TPI en que concede la solicitud de *injunction* presentada por la demandante bajo 42 USCA Sec. 1983, dictamen que nunca fue objeto de apelación".[7] De igual forma, argumentó que

> **[l]a demandante prevaleció totalmente en su solicitud de *injunction*, y las porciones de la sentencia original dictada por el Tribunal de Instancia en que se determina que los derechos civiles de la demandante fueron violados y que la demandante ha de ser reinstalada a su puesto con todos los haberes dejados de percibir es final y firme.** La concesión del *injunction* está basada en que la forma en que la demandada interpretó el estatuto correspondiente violó las garantías constitucionales del Debido Procedimiento de Ley e Igual Protección de las Leyes de la demandante, por lo que procedía su reinstalación inmediata.[8]

---

[6] Apéndice, págs. 7-8.
[7] Alegato en Oposición a Recurso de *Certiorari*, pág. 3.
[8] Alegato en Oposición a Recurso de *Certiorari*, pág. 3. (Énfasis en el original).

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

II

A. *Reclamaciones al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles*

El Tribunal Supremo federal resolvió que los tribunales estatales pueden ejercer jurisdicción sobre la materia de una causa de acción federal, a menos que el Congreso disponga lo contrario o que entre el litigio federal y su adjudicación en el foro estatal exista una incompatibilidad incapacitante. Leyva *et al.* v. Aristud *et al.*, 132 DPR 489, 499-500 (1993). Véanse, además, Howlett v. Rose, 496 US 356 (1990); Gulf Offshore Co. v. Mobil Oil Corp., 453 US 473, 477-478 (1981). En lo concerniente al caso que hoy atendemos, este Foro tiene jurisdicción concurrente con las cortes federales para juzgar los litigios que surgen al amparo de la Ley federal de Derechos Civiles, 42 USC sec. 1983. Leyva *et al.* v. Aristud *et al.*, supra, págs. 500-501; Acevedo v. Srio. Servicios Sociales, 112 DPR 256, 259-260 (1982). Por tratarse de una causa de acción federal, tanto la jurisprudencia local como la federal vinculan a este Tribunal. Leyva *et al.* v. Aristud *et al.*, supra; Declet Ríos v. Dpto. de Educación, 177 DPR 765, 777 (2009). Este Tribunal no se ha expresado anteriormente sobre la procedencia de honorarios de abogado cuando en una reclamación al amparo de la Ley federal de Derechos

Civiles, supra, una parte obtiene como remedio un *injunction*, pero su acción de daños y perjuicios se desestima tras reconocerle inmunidad a la parte demandada.

La Ley federal de Derechos Civiles, supra, es una herramienta para que los ciudadanos hagan valer los derechos que la Constitución y las leyes de Estados Unidos les garantizan frente a aquellas personas que abusan de su poder cuando actúan *so color* de autoridad estatal. SLG Semidey Vázquez v. ASIFAL, 177 DPR 657, 691-92 (2009); Bonilla v. Chardón, 118 DPR 599, 616 (1987). Véase, además, Graham v. Connor, 490 US 386, 394 (1989). Mediante esta legislación, el Congreso puso "en vigor las disposiciones de la Decimocuarta Enmienda en contra de aquellas personas que portan la insignia de la autoridad estatal y representan la misma en cualquier capacidad, ya sea actuando de acuerdo a dicha autoridad o haciendo uso indebido de la misma". Leyva *et al.* v. Aristud *et al.,* supra, citando a Monroe v. Pape, 365 US 167, 171-172 (1961). En específico, la Sec. 1983 de la Ley federal de Derechos Civiles, supra, dispone lo siguiente:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State […] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

B. *Honorarios de abogado para la parte prevaleciente*

Cuando un demandante prevalecía en una acción al amparo de este estatuto, los tribunales usaban sus poderes en equidad para concederle honorarios de abogado. De Jesús Nazario v. Morris Rodríguez, 554 F.3d 196, 199 (1st Cir. 2009). Esto cambió cuando el Tribunal Supremo federal rechazó la teoría de "private attorney general", la cual permitía conceder honorarios de abogado a demandantes privados que al prevalecer en su demanda aportaban a la implantación de políticas públicas importantes. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 US 240 (1975). En cambio, dicho foro resolvió que, al amparo de la "American Rule", cada parte debía costear los honorarios de su abogado, a menos que hubiera una autoridad estatutaria que dispusiera lo contrario. Íd.

Como respuesta, el Congreso aprobó el *Civil Rights Attorney's Fees Award Act* of 1976, 42 USC sec. 1988 (Sec. 1988), para autorizar la concesión de honorarios de abogado a la parte prevaleciente en ciertas acciones de derechos civiles. López Vicil v. ITT Intermedia, Inc., 143 DPR 574, 578 (1997). El propósito de esta legislación es incentivar que las personas reclamen sus derechos civiles y atraer abogados competentes para asegurar la implantación de estos derechos mediante un acceso efectivo al foro judicial. Bonilla v. Chardón, supra,

pág. 616; City of Riverside v. Rivera, 477 US 561, 576

(1986); Hensley v. Eckerhart, 461 US 424, 429 (1983). Tal

y como explicó el Senado de los Estados Unidos al

recomendar la aprobación de este estatuto,

> [i]n many cases arising under our civil rights
> laws, the citizen who must sue to enforce the law
> has little or no money with which to hire a
> lawyer. If private citizens are to be able to
> assert their civil rights, and if those who
> violate the Nation's fundamental laws are not to
> proceed with impunity, then citizens must have the
> opportunity to recover what it costs them to
> vindicate these rights in court.
>
> Congress recognized this need when it made
> specific provision for such fee shifting in Titles
> II and VII of the Civil Rights Act of 1964:
>
> When a plaintiff brings an action under (Title II)
> he cannot recover damages. If he obtains an
> injunction, he does so not for himself alone but
> also as a 'private attorney general', vindicating
> a policy that Congress considered of the highest
> priority. **If successful plaintiffs were routinely
> forced to bear their own attorneys' fees, few
> aggrieved parties would be in a position to
> advance the public interest by invoking the
> injunctive powers of the Federal courts.** S. Rep.
> No. 94-1011, p. 2-3 (1976), citando a Newman v.
> Piggie Park Enterprises, Inc., 390 US 400, 402
> (1968). (Énfasis suplido).

Para que la Sec. 1988, supra, logre esta intención

legislativa, los tribunales deben interpretarla

liberalmente. Véase Farrar v. Hobby, 506 US 103, 109

(1992). Este estatuto dispone lo siguiente:

> [i]n any action or proceeding to enforce a
> provision of sections 1981, 1981a, 1982, 1983,
> 1985, and 1986 of this title, […] the court, in
> its discretion, may allow the prevailing party,
> other than the United States, a reasonable
> attorney's fee as part of the costs[.] Sec. 1988,
> supra.

De acuerdo al texto de la Sec. 1988, supra, estos honorarios no son de carácter mandatorio pues el tribunal tiene discreción para concederlos. Bonilla v. Chardón, supra, citando a Evans v. Jeff, 475 US 717 (1986). Ahora bien, esta discreción no es ilimitada pues se ha resuelto que de ordinario el tribunal debe conceder honorarios de abogado a la parte prevaleciente a menos que existan circunstancias especiales que conviertan la concesión en una injusta. Blanchard v. Bergeron, 489 US 87, 92 (1989); Hensley v. Eckerhart, supra; Newman v. Piggie Park Enterprises, Inc., supra. Incluso, la Corte de Apelaciones de los Estados Unidos para el Primer Circuito resolvió que la concesión de honorarios de abogado a favor de la parte prevaleciente al amparo de la Sec. 1988, supra, es "virtualmente obligatoria". De Jesús Nazario v. Morris Rodríguez, supra, págs. 200-201; Poy v. Boutselis, 352 F.3d 479, 487 (1st Cir. 2003); Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001); Casa Marie Hogar Geriátrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994).[9]

En Farrar v. Hobby, supra, el Tribunal Supremo federal interpretó quién puede ser considerado como "parte prevaleciente" para efectos de esta Sección. Sostuvo que "[u]nder our 'generous formulation' of the term,

---

[9] Véanse, además, Mid-Hudson Legal Services, Inc. v. G & U, Inc., 578 F.2d 34 (2nd Cir. 1978); Henderson v. Ft. Worth Independent School Dist., 574 F.2d 1210 (3rd Cir. 1978); International Soc. for Krishna Consciousness, Inc. v. Andersen, 569 F.2d 1027 (8th Cir. 1978).

plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they **succeed on any significant issue** in litigation which achieves **some of the benefit** the parties sought in bringing suit". Íd., pág. 109. (Énfasis suplido). Al respecto, detalló que un demandante prevalece cuando el remedio obtenido altera materialmente la relación legal entre las partes, al modificar la conducta del demandado de forma que beneficie directamente al demandante. Íd., págs. 111-112.

A raíz de esta interpretación, se han concedido honorarios de abogado a **demandantes que prevalecieron parcialmente[10] y a demandantes que no prevalecieron en reclamos al amparo de la Sec. 1983, <u>supra</u>, pero prevalecieron en reclamos alternos al amparo de otros estatutos por la misma situación de hechos.[11]** Al así hacerlo, los tribunales han fundamentado su conclusión citando el Informe de la Cámara de Representantes del

---

[10] Véanse, por ejemplo, <u>Méndez v. County of San Bernardino</u>, 540 F.3d 1109 (9th Cir. 2008); <u>Roberson v. Giuliani</u>, 346 F.3d 75 (2nd Cir. 2003); <u>Johnson v. Lafayette Fire Fighters' Ass'n Local</u>, 857 F. Supp. 1292 (N.D. Ind. 1994) *aff'd sub nom.* <u>Johnson v. Lafayette Fire Fighters Ass'n Local 472, Int'l Ass'n of Fire Fighters, AFL-CIO-CLC</u>, 51 F.3d 726 (7th Cir. 1995); <u>Ensley Branch, N.A.A.C.P. v. Seibels</u>, 31 F.3d 1548 (11th Cir. 1994); <u>Lynch v. City of Milwaukee</u>, 747 F.2d 423 (7th Cir. 1984); <u>Fields v. City of Tarpon Springs, Fla.</u>, 721 F.2d 318 (11th Cir. 1983); <u>Monahan v. State of Neb.</u>, 687 F.2d 1164 (8th Cir. 1982); <u>Robert M. v. Benton</u>, 671 F.2d 1104 (8th Cir. 1982); <u>Wallace v. King</u>, 650 F.2d 529 (4th Cir. 1981); <u>Deerfield Med. Ctr. v. City of Deerfield Beach</u>, 661 F.2d 328 (5th Cir. 1981); <u>Doe v. Marshall</u>, 622 F.2d 118 (5th Cir. 1980); <u>Alicea Rosado v. García Santiago</u>, 562 F.2d 114 (1st Cir. 1977).

[11] Véanse, <u>Williams v. Thomas</u>, 692 F.2d 1032 (5th Cir. 1982); <u>Gagne v. Maher</u>, 594 F.2d 336 (2d Cir. 1979) *aff'd* <u>Maher v. Gagne</u>, 448 US 122 (1980); <u>Lund v. Affleck</u>, 587 F.2d 75 (1st Cir. 1978); <u>Seals v. Quarterly Cnty. Court of Madison Cnty., Tenn.</u>, 562 F.2d 390 (6th Cir. 1977). Véase, también, <u>Calkins v. Blum</u>, 511 F. Supp. 1073 (N.D.N.Y. 1981) *aff'd and remanded by* <u>Calkins v. Blum</u>, 675 F. 2d 44 (2nd Cir. 1982).

Congreso estadounidense sobre la Sec. 1988, supra, el

cual expresó claramente que

> [t]o the extent a plaintiff joins a claim under
> one of the statutes enumerated in H.R. 15460
> with a claim that does not allow attorney fees,
> that plaintiff, if it prevails on the non-fee
> claim, is entitled to a determination on the
> other claim for the purpose of awarding counsel
> fees. In some instances, however, the claim
> with fees may involve a constitutional question
> which the courts are reluctant to resolve if
> the non-constitutional claim is dispositive. In
> such cases, if the claim for which fees may be
> awarded meets the 'substantiality' test
> attorney's fees may be allowed even though the
> court declines to enter judgment for the
> plaintiff on that claim, so long as the
> plaintiff prevails on the non-fee claim arising
> out of a 'common nucleus of operative fact.'
> Se. Legal Def. Grp. v. Adams, 436 F. Supp. 891,
> 894 (D. Or. 1977) citando a H.R. Rep. No. 94-
> 1558, n. 7 (1976) (Citas omitidas).Véase,
> además, Seals v. Quarterly Cnty. Court of
> Madison Cnty., Tenn., 562 F.2d 390, 393-94 (6th
> Cir. 1977).

**Incluso, se ha resuelto que demandantes que han**

**obtenido como remedio un _injunction_ preliminar en una**

**acción al amparo de la Ley federal de Derechos Civiles,**

**supra, tienen derecho a honorarios de abogado al amparo**

**de la Sec. 1988, supra.**[12]

> *C. Honorarios de abogado al amparo de la Sec. 1988,*
>    *supra, y las doctrinas de inmunidad*

De ordinario, la parte responsable legalmente por el

remedio en los méritos es quien debe responder por los

honorarios de abogado. Kentucky v. Graham, 473 US 159,

---

[12] Véase Lefemine v. Wideman, 133 S.Ct. 9 (2012). Véanse, además,
Kansas Judicial Watch v. Stout, 653 F.3d 1230 (10th Cir. 2011);
People Against Police Violence v. City of Pittsburgh, 520 F.3d 226
(3d Cir. 2008); Deerfield Medical Center v. City of Deerfield Beach,
661 F.2d 328 (5th Cir. 1981); Doe v. Marshall, 622 F.2d 118 (5th Cir.
1980).

164 (1985), citando <u>10 C. Wright, A. Miller, & M. Kane,</u>
<u>Federal Practice and Procedure</u> Sec. 2666, p. 173 (1983).
La responsabilidad en los méritos y la responsabilidad
por estos honorarios generalmente van de la mano. Íd.;
<u>Farrar v. Hobby</u>, <u>supra</u>.

Con relación a este asunto, es meritorio evaluar el
efecto de ciertas doctrinas de inmunidad sobre la
responsabilidad que pudiera tener una parte demandada en
cuanto a los honorarios de abogado provistos por la Sec.
1988, <u>supra</u>. El Tribunal Supremo federal señaló que el
historial legislativo de la Sec. 1988, <u>supra</u>, indica
palmariamente la intención del Congreso de proveer para
la concesión de honorarios de abogado en casos en los que
el remedio es concedido contra oficiales que gozan de
inmunidad en cuanto a acciones de daños y perjuicios.
<u>Pulliam v. Allen</u>, 466 US 522, 527 (1984). Sobre este
particular, el Informe de la Cámara de Representantes del
Congreso estadounidense sobre la Sec. 1988, <u>supra</u>,
expresó lo siguiente:

> while damages are theoretically available under
> the statutes covered by H.R.15460, it should be
> observed that, **in some cases, immunity doctrines
> and special defenses, available only to public
> officials, preclude or severely limit the damage
> remedy. Consequently awarding counsel fees to
> prevailing plaintiffs in such litigation is
> particularly important and necessary if Federal
> civil and constitutional rights are to be
> adequately protected. To be sure, in a large
> number of cases brought under the provisions
> covered by H.R.15460, only injunctive relief is
> sought, and prevailing plaintiffs should
> ordinarily recover their counsel fees.** <u>Pulliam v.</u>

Allen, supra, citando a H.R. Rep. No. 94-1558, p.
9 (1976). (Énfasis suplido).

La jurisprudencia sobre este particular confirmó la
intención legislativa. En cuanto a los casos en que la
parte perdidosa es un estado, **el Tribunal Supremo federal
resolvió que la inmunidad soberana reconocida a los
estados en la Undécima Enmienda de la Constitución
federal no prohíbe la concesión de honorarios de abogado
contra un estado al amparo de la Sec. 1988**, supra, cuando
la parte demandante obtiene un remedio prospectivo contra
un estado o contra un funcionario estatal actuando en su
capacidad oficial. Missouri v. Jenkins by Agyei, 491 US
274, 279 (1989); Hutto v. Finney, 437 US 678, 692
(1978).[13] Ello, pues los honorarios de abogado constituyen
un rembolso por los gastos incurridos en un litigio
instado para obtener un remedio; no constituyen una

---

[13] En Hutto v. Finney, 437 US 678 (1978), varios confinados demandaron
a funcionarios oficiales del estado de Arkansas porque ciertas
condiciones impuestas en la prisión en la cual se encontraban
violaban sus derechos constitucionales al constituir un castigo cruel
e inusitado. El Tribunal de Distrito determinó que hubo una violación
a los derechos constitucionales de los confinados y, luego de varios
trámites procesales, concedió, entre otros remedios, una partida de
honorarios de abogado a ser pagada por el Departamento de Corrección.
La Corte de Apelaciones de los Estados Unidos para el Octavo Circuito
confirmó la partida de honorarios de abogado y añadió la cantidad de
$2,500. El  Tribunal Supremo federal confirmó dichas cantidades por
entender que no violaban la Undécima Enmienda Federal. Con relación a
la partida que añadió la Corte de Apelaciones de los Estados Unidos
para el Octavo Circuito, razonó, entre otras cosas, que la Sec. 1988
de la Ley federal de Derechos Civiles, 42 USC sec. 1988 "imposes
attorney's fees 'as part of the costs'. Costs have traditionally been
awarded without regard for States' Eleventh Amendment immunity. (...)
The Court has never viewed the Eleventh Amendment as barring such
awards, even in suits between States and individual litigants." Hutto
v. Finney, supra, pág. 695. En Missouri v. Jenkins by Agyei, 491 US
274 (1989), el Tribunal Supremo federal reafirmó lo determinado en
Hutto v. Finney, supra, al expresar que "[a]fter Hutto, therefore, it
must be accepted as settled that an award of attorney's fees
ancillary to prospective relief is not subject to the strictures of
the Eleventh Amendment." Missouri v. Jenkins by Agyei, supra, pág.
279.

compensación retroactiva por el daño que motivó el litigio. Missouri v. Jenkins by Agyei, supra; Hutto v. Finney, supra, pág. 695. Después de todo, es norma firmemente establecida que "la Undécima Enmienda federal y la doctrina de inmunidad soberana que encarna no priva a los tribunales de su autoridad para conceder remedios interdictales contra funcionarios oficiales que violan leyes estatales. Por el contrario, el Tribunal Supremo federal ha ejercido en múltiples ocasiones el poder para ordenarles a funcionarios estatales que se abstengan de violar la ley estatal". Pennhurst State Sch. & Hosp. v. Halderman, 465 US 89, 130 (1984)(Traducción nuestra).[14]

Asimismo, **el Tribunal Supremo federal resolvió que estos honorarios proceden contra un cuerpo público que implementa legislación en violación de los derechos civiles del ciudadano o ciudadana.** Supreme Court of Virginia v. Consumers Union of United States, Inc., 446 US 719 (1980).[15]

En lo pertinente al caso que nos ocupa, el Tribunal Supremo federal resolvió recientemente Lefemine v. Wideman, 133 S.Ct. 9 (2012). En ese caso, el Sr. Steven Lefemine y miembros de una asociación cristiana se

---

[14] "The Eleventh Amendment and the doctrine of sovereign immunity it embodies have never been interpreted to deprive a court of jurisdiction to grant relief against government officials who are engaged in conduct that is forbidden by their sovereign. On the contrary, this Court has repeatedly and consistently exercised the power to enjoin state officials from violating state law". Pennhurst State Sch. & Hosp. v. Halderman, 465 US 89, 130 (1984).

[15] Véanse, además, Consumers Union of U.S., Inc. v. Virginia State Bar, 688 F.2d 218 (4th Cir. 1982); Fernandes v. Limmer, 663 F.2d 619 (5th Cir. 1981).

manifestaron en contra del aborto usando pancartas que mostraban fotos de fetos abortados. Íd. La Policía les ordenó que dejaran de usar las pancartas o serían multados. Íd. El señor Lefemine objetó el señalamiento, pero la amenaza de las multas eventualmente ocasionó que la protesta terminara. Íd. Así las cosas, el señor Lefemine presentó una demanda al amparo de la Sec. 1983, supra, en la que solicitó que se impusieran daños nominales, se dictara una sentencia declaratoria, se emitiera un *injunction* permanente y se le concedieran honorarios de abogado. Íd. El Tribunal de Distrito determinó que los demandados violaron los derechos constitucionales de los demandantes, por lo que emitió un *injunction* permanente prohibiéndole a la parte demandada que restringiera el uso de las pancartas por los manifestantes. Íd. Sin embargo, denegó otorgar daños nominales tras concluir que los demandados gozaban de inmunidad cualificada debido a que la ilegalidad de su conducta no estaba establecida claramente en ese momento. Íd. De la misma forma, la Corte de Distrito denegó honorarios de abogado al amparo de la Sec. 1988, supra. Íd. El Cuarto Circuito de la Corte de Circuito de Apelaciones confirmó. Íd. Razonó que el remedio concedido no alteró la relación entre las partes y que no se concedieron daños. Íd. Inconforme, el señor Lefemine acudió ante el Tribunal Supremo federal. Íd.

**El Tribunal Supremo federal revocó unánimemente a los foros inferiores mediante una Opinión *Per Curiam*. Lefemine v. Wideman, supra. Resolvió que el demandante era parte prevaleciente con derecho a honorarios de abogado al amparo de la Sec. 1988, supra, a pesar de que la Corte de Distrito le concedió como remedio un *injunction* pero desestimó su acción de daños tras reconocerle inmunidad al demandado.** Íd. Reiteró que la concesión de un *injunction* o de una sentencia declaratoria usualmente satisface los requisitos pautados en Farrar v. Hobby, supra, para que el demandante sea considerado parte prevaleciente para efectos de la Sec. 1988, supra. Concluyó que, aunque la acción de daños se desestimó, el remedio concedido alteró la relación entre el señor Lefemine y la parte demandada. Lefemine v. Wideman, supra.

Por nuestra parte, hemos resuelto que un tribunal de Puerto Rico en el ejercicio de su jurisdicción concurrente puede conceder honorarios de abogado al amparo de la Sec. 1988 de la Ley federal de Derechos Civiles, supra. Bonilla v. Chardón, supra, págs. 617-618.

Una vez concedidos, los honorarios de abogado son revisados por abuso manifiesto de discreción. De Jesús Nazario v. Morris Rodríguez, supra, pág. 199; Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 335 (1st Cir. 2008); Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 124 (1st Cir. 2004); Gay Officers Action League v. Puerto

Rico*, supra*, pág. 247. Por tanto, los tribunales revisores deben brindarle deferencia al tribunal juzgador, toda vez que éste está en mejor posición de diseñar un remedio adecuado gracias al íntimo conocimiento que tiene de las particularidades del caso. Íd.

A la luz de este marco jurídico y teniendo presente el estándar de revisión antes mencionado, resolvemos.

III

Para determinar si el tribunal juzgador abusó manifiestamente de su discreción al conceder honorarios de abogado a la doctora Pérez de Otero, debemos evaluar si ella es "parte prevaleciente" para efectos de la Sec. 1988, supra.

La doctora Pérez de Otero solicitó en su demanda varios remedios: (1) la expedición de un *injunction* preliminar y permanente que ordenara su reposición, (2) el pago de los haberes dejados de percibir, (3) una indemnización por sufrimientos y angustias mentales, (4) una cuantía de daños punitivos, y (5) honorarios de abogado al amparo de la Sec. 1988, supra. Fundamentó sus reclamos en el Art. 37.02 de la Ley Núm. 7-2009, supra, la Sec. 1983 de la Ley federal de Derechos Civiles, supra, y el Art. 1802 del Código Civil, supra.

El Tribunal de Primera Instancia emitió una sentencia sumaria parcial en la que concluyó que la parte demandada violó los derechos constitucionales de la doctora Pérez

de Otero. Como remedio, emitió una orden de *injunction* preliminar y permanente mediante la cual ordenó la reposición de la doctora Pérez de Otero al puesto que ocupaba y el pago de los haberes dejados de percibir. Asimismo, el tribunal se negó a desestimar las causas de acción sobre daños y perjuicios, al amparo de la Sec. 1983, supra, y el Art. 1802 del Código Civil, supra, por entender que la señora Pérez de Otero tenía derecho a un resarcimiento de daños. Por su parte, el Tribunal de Apelaciones revocó parcialmente al foro inferior y en su parte dispositiva se limitó a desestimar expresamente "los reclamos sobre daños incluidos en la demanda" tras reconocerle inmunidad a la parte demandada.[16] No revocó la concesión del *injunction* ordenando la reposición y el pago de los haberes dejados de percibir a favor de la doctora Pérez de Otero por la violación a sus derechos civiles, al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles, supra. Debido a que dicha determinación advino final y firme, no está ante nuestra consideración la procedencia del *injunction* ni si los fundamentos utilizados por el Tribunal de Primera Instancia para emitirlo fueron correctos o no. En otras palabras, la doctrina de la ley del caso nos obliga a tomar como cierto que en este caso estamos ante una violación de derechos civiles al amparo de la Sec. 1983 de la Ley

---

[16] Apéndice, pág. 78.

federal de Derechos Civiles, supra. Véase, por ejemplo, Félix v. Las Haciendas, 165 DPR 832 (2005).[17]

Siendo así, la doctora Pérez de Otero obtuvo dos de los remedios solicitados: el *injunction* ordenando su reposición y el pago de los haberes dejados de percibir. No obtuvo la indemnización por sufrimientos y angustias mentales, ni una cuantía por daños punitivos, en vista de la inmunidad que cobijaba a la parte demandada.

Ya vimos que la Sec. 1988, supra, se debe interpretar liberalmente. Véase Farrar v. Hobby, supra. Para considerar a un demandante como "parte prevaleciente", éste debe prevalecer en un asunto significativo de forma que logre parte del beneficio que pretendía obtener mediante el litigio. Íd., pág. 109. Es decir, el remedio obtenido debe alterar materialmente la relación legal entre las partes a beneficio del demandante. Íd., págs. 111-112.

La doctora Pérez de Otero prevaleció inequívocamente en un asunto significativo y medular de su reclamo pues logró obtener un *injunction* preliminar y permanente mediante el cual fue restituida a su puesto. Además, se le concedieron los haberes dejados de percibir mientras

---

[17] Contrario a lo que expone la Opinión disidente, la Opinión del Tribunal no resuelve que cualquier reclamación por violaciones a normas de personal conlleva la concesión de honorarios de abogado con la mera mención, por parte del demandante, de que tiene algún reclamo al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles, 42 USC sec. 1983. Tiene que haber una determinación judicial de que se le violaron los derechos civiles a una parte a tenor con dicho estatuto federal, según ocurrió en este caso.

estuvo cesanteada. Sin lugar a dudas, la concesión favorable de estos remedios alteró materialmente la relación legal entre ella y la parte demandada. Por ende, procede reconocer que la doctora Pérez de Otero es una "parte prevaleciente" para efectos de la Sec. 1988, supra, ya que prevaleció parcial, pero significativamente, en su reclamo.

En cuanto a la interpretación de la parte demandada de que la doctora Pérez de Otero no prevaleció al amparo de la Sec. 1983, supra, porque el Tribunal de Primera Instancia concedió el *injunction* tras una interpretación de la Ley Núm. 7-2009, supra, y, posteriormente, el Tribunal de Apelaciones desestimó su causa de acción al amparo de dicha Sección, debemos subrayar tres cosas. Primero, el Tribunal de Primera Instancia concedió el *injunction* luego de interpretar integralmente los estatutos invocados. Segundo, la Ley Núm. 7-2009, supra, no faculta al foro judicial a proveer este tipo de remedio interdictal. Tercero, según expresado anteriormente, el Tribunal de Apelaciones se circunscribió a revocar los reclamos sobre daños al amparo de la Sec. 1983 de la Ley federal de Derechos Civiles, supra, y del Art. 1802 del Código Civil, supra, sin alterar el *injunction* concedido ni la determinación del foro primario de que la parte demandada violó los derechos constitucionales de la parte demandante a la igual protección de las leyes y el debido proceso de ley.

De todas formas, aún si para propósito de discusión acogiéramos el argumento de la parte demandada, el Tribunal Supremo federal, así como numerosos tribunales federales inferiores y tribunales estatales, han concedido honorarios de abogado al amparo de la Sec. 1988, _supra_, a demandantes que prevalecieron parcialmente en sus reclamos[18] y a demandantes que no prevalecieron en reclamos al amparo de la Sec. 1983, _supra_, pero prevalecieron en reclamos alternos al amparo de otros estatutos por la misma situación de hechos.[19] De hecho, no podemos ignorar la jurisprudencia federal que reconoce honorarios de abogado a demandantes que obtienen como remedio un _injunction_ preliminar en este tipo de acción.[20] Concluimos, pues, que la doctora Pérez de Otero es "parte prevaleciente" para efectos de la Sec. 1988, _supra_. Resolvemos que el Tribunal de Primera Instancia no abusó de su discreción al concederle honorarios de abogado al amparo de dicha Sección.

Al resolver de esta manera, vindicamos la intención del Congreso al aprobar la Sec. 1988, _supra_: proveer para la concesión de honorarios de abogado en casos en los que el remedio se concede contra demandados que gozan de inmunidad en cuanto a acciones de daños y perjuicios. Pulliam v. Allen, _supra_; Newman v. Piggie Park Enterprises, Inc., _supra_. Véanse, además, Informe del

---

[18] Véase nota al calce 10.
[19] Véase nota al calce 11.
[20] Véase nota al calce 12.

Senado Núm. 94-1011, 94th Cong., 2d Sess. 1976, U.S. Code Cong. & Admin. News 5910; H.R.Rep. No. 94-1558, p. 9 (1976). Efectivamente, los nueve jueces del Tribunal Supremo federal suscribieron hace apenas dos años una opinión *Per Curiam* en la que se determinó que un demandante era parte prevaleciente con derecho a honorarios de abogado al amparo de la Sec. 1988, supra, a pesar de que la Corte de Distrito le concedió como remedio un *injunction* pero desestimó su acción de daños tras reconocerle inmunidad cualificada al demandado. Lefemine v. Wideman, supra.

En virtud del derecho aplicable reseñado, es imposible acoger la teoría de la parte demandada de que no procede imponerle responsabilidad sobre los honorarios de abogado al amparo de la Sec. 1988, supra, en vista de la inmunidad que le cobija y que el Tribunal de Apelaciones le reconoció. Concluir lo contrario significaría que un demandante que prevalece, como la doctora Pérez de Otero, tendría que pagar $33,750 en honorarios de abogado por vindicar los derechos constitucionales y civiles que el Estado, o sus funcionarios, le violó. Implicaría ignorar que "[l]os honorarios de abogado bajo esta sección constituyen un remedio necesario para que la Ley de Derechos Civiles no se convierta en una declaración en el vacío sin utilidad práctica, para que el ciudadano promedio pueda hacer valer sus derechos". Bonilla v. Chardón, supra, pág. 616.

IV

Por todo lo anterior, se confirma al Tribunal de Apelaciones por entender que procede la concesión de honorarios de abogado a la doctora Pérez de Otero al amparo de la Sec. 1988, supra.

Se dictará Sentencia de conformidad.


                                        Maite D. Oronoz Rodríguez
                                             Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Naydamar Pérez de Otero por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ésta y su cónyuge José A. Otero<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Salud; Hon. Secretario de Salud Dr. Lorenzo González Feliciano, en su carácter personal y oficial como Secretario del Departamento de Salud<br><br>Peticionarios | CC-2013-765 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto y se confirma al Tribunal de Apelaciones por entender que procede la concesión de honorarios de abogado a la doctora Pérez de Otero al amparo de la Sec. 1988 de la Ley Federal de Derechos Civiles, 42 USC sec. 1988.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco disintió con opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Naydamar Pérez de Otero por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesto ésta y su cónyuge José A. Otero<br><br>        Recurridos<br><br>        v.<br><br>Estado Libre Asociado de Puerto Rico; Departamento de Salud; Hon. Secretario de Salud Dr. Lorenzo González Feliciano, en su carácter personal y oficial como Secretario del Departamento de Salud<br><br>        Peticionarios | *Certiorari*<br><br><br><br>CC-2013-0765 |

Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 13 de febrero de 2015.

Disiento respetuosamente del resultado anunciado por una Mayoría del Tribunal en el caso de epígrafe. En la Opinión que antecede ciertamente se discute correctamente el derecho aplicable a la controversia de autos. Sin embargo, considero que el Tribunal se equivocó en su aplicación del Derecho a los hechos particulares que tenemos ante nuestra consideración.

El asunto determinante en este caso es si en algún punto del litigio el foro primario emitió un *injunction* **al amparo de la Seción 1983 de la Ley Federal de Derechos**

**Civiles,** *infra*. Como veremos, los autos demuestran que la demandante de autos nunca obtuvo un remedio interdictal al amparo de esa legislación, **sino que su único triunfo en el litigio fue la obtención de un** *injunction* **para ordenar su reinstalación a un puesto de carrera del cual fue despedida en violación del Artículo 37.02 de la Ley Núm. 7,** *infra*. Ante esa realidad procesal, la parte recurrida de autos no tiene derecho a recobrar honorarios de abogado al amparo de la Sección 1988 de la Ley Federal de Derechos Civiles, *infra*.

Como muy bien argumentó la Procuradora General en su Alegato, el resultado que hoy anuncia una Mayoría del Tribunal representa un "fracaso a la justicia, [ya que] el Estado vendr[á] llamado a desembolsar fondos públicos para sufragar unos honorarios de abogado que no proceden como cuestión de derecho, lo que en momentos de agravada estrechez económica, como la que enfrentamos, resulta[n] imprescindible[s] para el erario y el interés público."[21] Por todo lo anterior, me veo obligada a disentir del resultado anunciado hoy por una Mayoría del Tribunal.[22]

I

Como se discute en la Opinión que antecede, no hay duda que para ser considerado un *prevailing party* bajo la Sección 1988 de la Ley Federal de Derechos Civiles, 42

---

[21] Alegato de Procuradora General, pág. 16.

[22] Los hechos del caso de autos se encuentran adecuadamente resumidos en la Opinión del Tribunal, por lo que resulta innecesario repetirlos en esta Opinión disidente.

U.S.C. sec. 1988 (en adelante Sección 1988) un demandante no necesariamente tiene que resultar airoso en la totalidad de su reclamación de violación de derechos civiles bajo ese estatuto (en adelante Sección 1983). Diversos tribunales han concedido honorarios bajo la Sección 1988 a demandantes que prevalecieron **parcialmente** en sus reclamos de violación de derechos civiles (*Méndez v. County of San Bernardino*, 540 F.3d 1109 (9no Cir. 2008)), a demandantes que recibieron remedios interdictales **al amparo** de la Sección 1983 (*Lefemine v. Wideman*, 133 S. Ct. 9 (2012)), y a demandantes que triunfaron al amparo de un reclamo estatal **relacionado y subsidiario** al reclamo federal (*Williams v. Thomas*, 692 F.2d 1032 (5to Cir. 1982).[23]

Sin embargo, y a diferencia de lo que se discute en la Opinión mayoritaria, otros tribunales federales han sido enfáticos en que cuando un demandante pierde en su reclamación al amparo de la Sección 1983, pero triunfa en una reclamación estatal **suplementaria**, este no puede reclamar honorarios de abogados bajo la Sección 1988. *Véase*, *Robles v. Prince George's County*, 302 F.3d 262 (4to Cir. 2002). En específico el Cuarto Circuito ha

---

[23] El lenguaje específico del Tribunal de Apelaciones para el 5to Circuito fue el siguiente: "[T]he Supreme Court [has] intimated that a party prevailing on a substantial claim that is *pendent* to a *civil rights claim* is entitled to a recovery of attorney's fees when the civil rights claim and the pendent claim arise out of a common nucleus of operative facts. *Williams v. Thomas*, 692 F.2d 1032, 1036 (5th Cir. 1982) (Énfasis suplido).

expresado que "plaintiffs who do not prevail on their federal claims but achieve success on *supplemental* state law claims are not prevailing parties under § 1988, and are therefore not entitled to an award under that statute." *Robles*, pág. 272 (Énfasis suplido).

El más alto foro federal ha expresado que en este tipo de reclamaciones, "liability on the merits and responsibility for fees go hand in hand; **where a defendant has not been prevailed against, <u>either because of legal inmunity or on the merits</u>, § 1988 does not authorize a fee award against the defendant.**" *Kentucky v. Graham*, 473 U.S. 159 165 (1984) (Énfasis suplido). Por lo tanto, lo determinante en estos casos no es que los demandantes obtengan cualquier tipo de remedio a su favor, **sino que el remedio concedido -ya sea interdictal o en los méritos- se provea <u>al amparo de la Sección 1983</u>**. Como veremos a continuación, eso no fue lo que ocurrió en el caso de autos.

## II

Una Mayoría del Tribunal concluye que los recurridos de autos tienen derecho a honorarios de abogados bajo la Sección 1988 ya que obtuvieron un remedio favorable a través de un *injunction* preliminar y permanente y que el Tribunal lo concedió para vindicar los derechos civiles de la demandante. Como he intimidado, discrepo respetuosamente de esa conclusión.

De un análisis de los autos considero que es forzoso concluir que en este caso no están presentes ningunas de las circunstancias que han reconocido los tribunales federales para proveer honorarios de abogado bajo la Sección 1988. A nivel del foro primario, la recurrida **prevaleció ya que se le concedió un *injunction* preliminar y permanente una vez el Tribunal de Primera Instancia concluyó que su despido fue contrario a la Sección 37.02 de la Ley Núm. 7-2009.**

Este tipo de remedio es precisamente el que este Tribunal ha avalado en casos de despidos en el empleo público. Ello bajo el principio de mérito que cobija a los empleados públicos de carrera. Véase, *Vázquez Cintrón v. Banco Desarrollo*, 171 DPR 1, 22 (2007) ("en los casos de destitución de un empleado público de carrera, si la decisión resultante [...] es favorable al empleado, hemos resuelto que *lo que procede es "ordenar su restitución y el pago total, o parcial, de los salarios dejados de percibir por éste desde la fecha de efectividad de la destitución, más los beneficios marginales a que hubiese tenido derecho"* (citando a *Martínez v. Ofic. del Gobernador*, 152 DPR 586, 596 (2000). Véase, además, *Hernández v. Mun. de Aguadilla*, 154 DPR 199 (2001).

Específicamente, al conceder una Orden de *Injunction* Preliminar y Permanente en el caso de autos, el Tribunal de Primera Instancia emitió la siguiente expresión:

> …[R]esolvemos que procede la solicitud de injunction presentada en este caso para que se

ordene la restitución inmediata de la demandante al puesto que ocupaba, con todos los haberes y beneficios dejados de percibir. Debido a que no existe aquí controversia real sobre los hechos medulares que fueron estipulados, estamos en posición de emitir una orden de injunction preliminar y permanente, y así lo hacemos, ordenando la reinstalación inmediata de la demandante al puesto de Director de Servicios Médicos II, efectivo el 28 de mayo de 2010, con los haberes y deberes que le pertenecen al puesto y los dejados de percibir desde entonces.[24]

Como se discute en la Opinión que antecede, el foro primario retuvo jurisdicción del pleito para determinar los daños, si alguno, a los cuales la recurrida tendría derecho. No obstante, una vez el Estado recurrió al foro apelativo intermedio para revisar ese dictamen, el foro *a quo* desestimó la *totalidad* de la reclamación de la recurrida bajo la Sección 1983. Es decir, la Ley del Caso en la controversia de autos es que la recurrida **perdió totalmente su reclamación federal bajo la Sección 1983.**

Ante este escenario, considero que la recurrida no es un *prevailing party* bajo la Sección 1988 por lo cual no tiene derecho a recobrar honorarios de abogado. Nótese que no estamos ante ninguna de las circunstancias discutidas en la jurisprudencia recogida en la Opinión del Tribunal. A saber, a la recurrida se le desestimó su causa de acción bajo la Sección 1983, por lo que no hay espacio para discutir si prevaleció total o parcialmente. Tampoco prevaleció bajo un estatuto estatal subsidiario a la reclamación de violación de derechos civiles **ya que lo**

---

[24] Ap. de Petición de Certiorari, pág. 13.

**único que obtuvo a su favor fue un *injunction* por violación a las disposiciones de la Ley Núm. 7-2009.** Por lo tanto, la recurrida solo obtuvo a su favor remedios por fundamentos puramente estatales por lo que, como muy bien argumentaron tanto el Gobierno de Puerto Rico como la Procuradora General, no procede la concesión de honorarios de abogado bajo la Sección 1988 a favor de la recurrida.

Para llegar a una conclusión contraria, la Mayoría del Tribunal erró ya que consideró que el remedio interdictal que obtuvo la recurrida se dio bajo el palio de la Sección 1983. La Mayoría del Tribunal intenta fundamentar esta conclusión por las siguientes razones:

> Primero, el Tribunal de Primera Instancia concedió el *injunction* luego de interpretar integralmente los estatutos invocados. Segundo, la Ley Núm. 7-2009, supra, no faculta al foro judicial a proveer este tipo de remedio interdictal. Tercero, según expresado anteriormente, el Tribunal de Apelaciones se circunscribió a revocar los reclamos de daños al amparo de la Sec. 1983 de la Ley Federal de Derechos Civiles, supra, y del Art. 1802 del Código Civil, supra, sin alterar el *injunction* concedido ni la determinación del foro primario de que la parte demandada violó los derechos constitucionales de la demandante a la igual protección de las leyes y el debido proceso de ley.[25]

Todas estas razones son problemáticas.

En cuanto a la primera y tercera de estas, es cierto que en la Sentencia Parcial emitida por el foro primario se hizo referencia a que *además de que el despido de la recurrida fue contrario al texto claro de la Ley Núm. 7-*

---

[25] Op. del Tribunal, pág. 22.

*2009*, pudo existir una violación de derechos civiles en este caso. **Sin embargo, al momento de emitir el remedio interdictal el foro primario no hizo referencia alguna a la Sección 1983.** Como vimos, una vez el Estado acudió al Tribunal de Apelaciones, el foro *a quo* procedió a revocar parcialmente al foro primario y **desestimó en su totalidad la reclamación de violación de derechos civiles de la recurrida al amparo de la Sección 1983.** La Mayoría se aferra a que "el Tribunal de Apelaciones circunscribió su sentencia revocatoria a la acción de daños y perjuicios, sin alterar el *injunction* concedido ni la determinación del foro primario de que la parte demandada violó los derechos constitucionales de la demandante a la igual protección de las leyes y el debido proceso de ley."

El problema con esa aseveración es que en derecho procesal apelativo "[r]eiteradamente hemos explicado que la revisión de una sentencia se da contra su resultado, no contra sus fundamentos." *Pérez Vda. de Muñiz v. Criado Amunategui*, 151 D.P.R. 355 2000). Véase además, *Vélez Rodríguez v. Amaro Cora*, 138 D.P.R. 182, 198 (1995) ("poco importa que el fundamento que adujera el tribunal en apoyo de su actuación sea o no correcto. Debe recordarse que la revisión se da contra la sentencia.") Por ende, el foro apelativo intermedio no tenía por qué alterar el resultado de la concesión de un *injunction* ya que, a nivel apelativo, los fundamentos para su emisión

son irrelevantes.[26] Con su razonamiento, la Mayoría del Tribunal parece intimar que el Tribunal de Apelaciones debió revocar también el *injunction* que emitió el foro primario, y emitir **otro por fundamentos distintos.** A nivel apelativo esto es innecesario porque, como vimos, la revisión se da contra el resultado y no los fundamentos. Ya que en el caso de autos no hay duda que procedía la emisión de un *injunction* para ordenar la restitución de la recurrida a su puesto, el Tribunal de Apelaciones no tenía por qué alterar el **resultado** al que llegó el foro primario al conceder el remedio interdictal.

Finalmente, la segunda razón que provee la Mayoría – que la Ley Núm. 7, *supra,* no faculta a los tribunales para proveer remedios interdictales- es totalmente equivocada. En nuestro ordenamiento, el *injunction* es un remedio en equidad que tiene todo tribunal para hacer efectivo el derecho sustantivo que se exige en una Demanda. *Véase*, *Abella v. Fernández*, 17 D.P.R. 1063 (1911). En ese sentido, este remedio extraordinario se

---

[26] De hecho, cabe señalar que el Tribunal de Apelaciones parece haber concluido que, en efecto, el *injunction* que emitió el foro primario no se dio al amparo de la Sección 1983, sino por violaciones a articulados específicos de la Ley Núm. 7. En ese sentido, en su recuento de los hechos el foro apelativo intermedio expresó lo siguiente:

> En cuanto al derecho, indicó que el inciso (f) del Art. 37.02 de la Ley 7, según enmendado, excluía del plan de cesantías a "profesionales de la salud (médicos, paramédicos, enfermeras, farmacéuticos y técnicos de laboratorio)". ***Por lo anterior***, el TPI emitió una orden de injunction preliminar y permanente mediante la cual ordenó la reposición de la Dra. Pérez al puesto que ocupaba y el pago de los haberes dejados de percibir. Ap. del Petición de Certiorari, pág. 25. (Énfasis suplido).

encuentra regulado en la Regla 57 de Procedimiento Civil, 32 L.P.R.A. Ap. V, y procede en cualquier acción civil en Puerto Rico, excepto en aquellos pleitos en que específicamente esté prohibida su expedición. *Véase*, D. Rivé Rivera, *Recursos Extraordinarios*, 2da. Ed, Prof. Ed. Jur. Cont. UIAPR, 1996, pág. 13. Por ende, el que la Ley Núm. 7, *supra,* no provea para la concesión de remedios interdictales no puede utilizarse como fundamento para concluir que en este caso el *injunction* que emitió el foro primario se dio al amparo de la Sección 1983, ya que en nuestro ordenamiento ese remedio está disponible para cualquier tipo de reclamación civil.

Por todo lo anterior, considero que la recurrida de autos solo obtuvo a su favor un remedio interdictal al amparo del ordenamiento estatal de Puerto Rico y perdió totalmente su reclamación de derechos civiles al amparo de la Sección 1983. Ante esa realidad procesal, la recurrida no puede considerarse un *prevailing party* bajo la Sección 1988, por lo que no tiene derecho a recibir honorarios de abogado.[27]

---

[27] La Mayoría le da particular énfasis a un caso del Tribunal Supremo federal *Lefemine v. Wideman*, 133 S.Ct. 9 (2012), para sostener su conclusión de que aun cuando un demandante solo obtiene un *injunction* a su favor, procede la concesión de honorarios de abogados bajo la sección 1988. Este caso, sin embargo, es distinguible. Trata de un grupo de personas que protestaban con unas pancartas en una intersección de tránsito. La policía les dijo que si continuaban con la protesta los iba a acusar por alteración a la paz. Los manifestantes solicitaron al tribunal, bajo la Sec. 1983, un *injunction* para que la policía les respetara su derecho constitucional a la libertad de expresión y los dejara manifestarse, más los daños por violación a la libertad de expresión. El tribunal de distrito le concedió el *injunction*, pero no los daños. El Tribunal Supremo federal resolvió que los manifestantes eran una *prevailing party* bajo la Sec. 1988. Pero nótese que contrario al caso de autos,

III

Finalmente, debo expresar que además de la aplicación incorrecta del Derecho en el caso de autos, me preocupan las repercusiones que pudiera tener en nuestro ordenamiento la norma que pauta hoy una Mayoría del Tribunal. Nótese que según el razonamiento del Tribunal, cualquier reclamación por violaciones a normas de personal de agencias del Gobierno de Puerto Rico podría estar sujeta al pago de honorarios de abogado si el demandante decide unir a esta una reclamación por violación de derechos civiles al amparo de la Sección 1983, por más frívola que sea esta última. Si el demandante tiene razón en su reclamación de violación a las normas de personal y obtiene un remedio interdictal, procedería la concesión de honorarios de abogado bajo la Sección 1988 ya que, según la Mayoría del Tribunal, obtuvo "algo" a su favor. Ello aun si, como ocurrió en el caso de autos, se le desestimara su reclamación bajo la Sección 1983.[28]

---

a los que acudieron al tribunal se les otorgó claramente un *injunction* **bajo el fundamento constitucional.** Aunque el tribunal rechazó la solicitud de daños, resolvió que existía una violación de derechos civiles y esa fue la razón específica por la que se le concedió el *injunction.* De hecho, a diferencia del caso de autos, en ese pleito no existía ninguna otra reclamación que no fuera de violación de derechos constitucionales

[28] En ese sentido, la Opinión Mayoritaria parece establecer además un nefasto precedente en materia de Derecho Procesal Apelativo. Ahora parecería que el Tribunal de Apelaciones no solo debe revocar el *resultado* de las sentencias o resoluciones que revisa, sino que también debe revocar sus *fundamentos*. Nótese que la Mayoría expresa sin ambages que en este caso hubo una violación de derechos civiles. *Véase*, Op. Mayoritaria, pág. 20. Cabe preguntarse en qué lugar de los autos de este caso existe una *Sentencia Final y Firme* en donde se llegue esa conclusión. Ciertamente, no puede ser en la Sentencia

Este proceder tendría un efecto devastador en el erario ya que el Estado se vería obligado a desembolsar una cantidad dinero considerable en calidad de honorarios de abogado, aun cuando no existan determinaciones de violación de derechos civiles. En tiempos de estrechez económica como la que vivimos, lamento que este Tribunal emita una Opinión que puede dar paso a desembolsos de fondos públicos sin que las partes tengan derecho a ello.

Por todo lo anterior, disiento.

Mildred G. Pabón Charneco
Jueza Asociada

---

Parcial que emitió el foro primario, ya que esta se revocó *totalmente* excepto en su *resultado* de concesión un remedio interdictal. Tampoco puede ser en la Sentencia del Tribunal de Apelaciones ya esta se limitó a desestimar totalmente la reclamación de derechos civiles de la recurrida de autos y confirmar el *resultado* de la concesión de un *injunction*. En fin, desconozco que fuente utilizó la Mayoría del Tribunal para concluir sin más que en este caso hubo una violación de derechos civiles, a pesar de que la recurrida de autos perdió totalmente su reclamación a esos efectos.